**UNITED STATES of America,
Appellee,**

v.

**Wallace Jerome MOORE, Appellant.**

**No. 72–1378.**

United States Court of Appeals,
Third Circuit.

Argued Aug. 28, 1972.

Decided Sept. 12, 1972.

Sheldon N. Sandler, Bader, Dorsey & Kreshtool, Wilmington, Del., for appellant.

Norman Levine, Asst. U. S. Atty., Wilmington, Del., F. L. Peter Stone, U. S. Atty., for appellee.

Before ADAMS and JAMES ROSEN, Circuit Judges and LUONGO, District Judge.

OPINION OF THE COURT

PER CURIAM:

The appellant, Wallace Jerome Moore, was indicted on April 6, 1971 for causing the interstate transportation of a falsely made bank check in violation of 18 U.S.C. § 2314. Prior to the commencement of trial, appellant's counsel advised the trial judge that Moore desired to absent himself from the courtroom or, in the alternative, to appear with a stocking over his head. Although the Government acknowledged that its case depended substantially upon in-court identification of the appellant by the

bank teller who had cashed the bogus check, the court denied Moore's request.

On December 8, 1971 Moore was tried by the court without a jury. During the trial the appellant was positively identified by the victim bank teller as the individual who had negotiated the bogus check. The bank teller was subject to artful cross-examination but remained resolute in identifying Moore as the responsible party. On December 9, 1971, the court found the appellant guilty. The appellant now argues that the district court erred in refusing to permit the appellant to absent himself from the trial and that the sentencing procedure was deficient due to inaccurate or incomplete information.

The appellant contends that Rule 43 of the Federal Rules of Criminal Procedure enables a defendant to expressly waive his presence at trial.[1] Alternatively, Moore argues that his Fifth Amendment right against self-incrimination was violated by the court necessitating his presence during the proceeding. We find that neither argument is tenable.

■ Rule 43 of the F.R.Crim.P. does not enable a defendant in a felony case to expressly waive his presence at trial. Rule 43 is simply a codification of the existing law that a felony defendant shall be present at every stage of the trial. Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), Diaz v. United States, 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1911). Further, it is the intent of Rule 43 to permit the trial judge to continue the trial in a non-capital offense when the defendant is *in absentia*. Diaz v. United States, *supra*, United States v. Vassalo, 52 F.2d 699, 700 (E.D.Mich. 1931). However, the rule is primarily designed to insure defendant's presence at trial, not to permit the trial to proceed in the defendant's absence. Wade v. United States, 142 U.S.App.D.C. 356, 441 F.2d 1046, 1048 (1971).

While Rule 43 does permit the court to continue the trial when the defendant absents himself, it does not, concomitantly, vest a *right of absence* in a defendant. Moreover, there is no perceptible due process violation by demanding that the defendant attend trial, even where such identification is an integral part of the issues before the jury. Swingle v. United States, 151 F.2d 512, 513 (10th Cir. 1945), Peoples v. United States, 365 F.2d 284, 285 (10th Cir. 1966), United States v. Fitzpatrick, 437 F.2d 19, 27 (2nd Cir. 1970).

■ The appellant's assertion that his Fifth Amendment rights were violated because he was forced to incriminate himself by in-court identification is without substance. It has been well established that the Fifth Amendment protection against self-incrimination applies wholly to testimonial evidence as distinguished from physical evidence. United States v. Wade, 388 U.S. 218, 222, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. California, 388 U.S. 263, 266, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The defendant may not defeat the very purpose of the trial—the ascertainment of guilt *vel non*—by claiming a *right of absence* either under Rule 43 F.R.Crim.P. or under the Fifth Amendment.

Finally, the appellant argues that the presentence report was deficient due to inaccurate or incomplete information. However, after the appellant filed his brief with this court, he was accorded a review of the sentence by the district court in light of additional information. This issue, therefore, is academic.

The judgment of conviction will be affirmed.

1. Rule 43 F.R.Crim.P. provides in pertinent part that:
"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."