In re UNITED STATES of America, Petitioner.

UNITED STATES of America, Petitioner,

v.

Salvatore J. CANNATELLA, Defendant.

No. 1048, Docket 79–3028.

United States Court of Appeals, Second Circuit.

Argued April 10, 1979.

Decided April 11, 1979.

Richard D. Weinberg, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Gregory L. Diskant, Nathaniel H. Akerman, and Howard W. Goldstein, Asst. U. S. Attys., New York City, of counsel), for petitioner.

Douglas F. Eaton, New York City, for respondent-defendant.

Before OAKES and GURFEIN, Circuit Judges, and PIERCE, District Judge.*

PER CURIAM:

The Government petitions for a writ of mandamus directed to the District Court for the Southern District of New York (Honorable Robert W. Sweet) ordering him to require the defendant to appear at all stages of the trial. There is some evidence that the defendant Cannatella is suffering from heart disease. The district court permitted the defendant to waive his "right" to be present at all stages of the trial without specifying any reason except that, in the circumstances, the court seemed to suggest that he had no power to compel the defendant to be present. The applicable Rule, Fed.R.Crim.P. 43, on its face, indicates that the defendant's presence is required except in misdemeanor cases. We see no necessity at this point, however, to go as far as the Third Circuit did in *United States v. Moore*, 466 F.2d 547 (1972), where the court said: ·

> While Rule 43 does permit the court to continue the trial when the defendant absents himself, it does not concomitantly vest a *right of absence* in a defendant.

466 F.2d at 548 (emphasis in original).

Normally a judge can and should compel a defendant to be present at all stages of a felony trial pursuant to Rule 43(a). We think, however, that there is a residue of judicial discretion in unusual circumstances

---

* Honorable Lawrence W. Pierce, United States District Court for the Southern District of New York, sitting by designation.

where good cause is shown such as physical endangerment of the defendant to permit temporary absence.

We hold that a judge may in those exceptional circumstances exercise his discretion to accept a waiver of appearance from a defendant in a criminal trial where the choice of absence, a long continuance, or severance is exigent. While agreeing with the United States generally that there is a duty on the part of a defendant in a felony trial to be present, we remand to the district court for a determination of whether the circumstances are sufficient to permit the defendant, on the ground of illness, to waive his constitutional right to be present.

Remanded for further proceedings not inconsistent with this opinion. The panel will retain jurisdiction.