**UNITED STATES of America, Plaintiff,**

v.

**Robert J. MEINSTER et al., Defendants.**

**No. 79–165–Cr–JLK.**

United States District Court,
S. D. Florida.

Dec. 4, 1979.

---

1. See Rule 385(d), Texas Rules of Civil Procedure.

2. 28 U.S.C. § 1257(2).

Dana Biehl, Special Attorney, Washington, D.C., for Asst. United States Attorney.

Dennis J. Cogan, Philadelphia, Pa., for Robert Jay Meinster.

Arnold Stream, Monasch, Chazen & Stream, New York City, for Robert Elliot Platshorn.

Melvyn Kessler, Miami, Fla., for Lynne Platshorn.

Rebekah Poston, Miami, Fla., for Eugene Arter Myers.

Samuel Sheres, Hallandale, Fla., for Randall Gene Fisher.

Gerald Kogan, Miami, Fla., for Modesto Echezarreta-Cruz.

Michael Brodsky, Miami, Fla., for Richard Elliot Grant, Jr.

Arthur W. Tifford, Miami, Fla., for Mark Stephen Phillips.

Denis Dean, Miami, Fla., for Cari Jerry London.

### ORDER DENYING DEFENDANTS' REQUESTS TO BE ABSENT FROM TRIAL

JAMES LAWRENCE KING, District Judge.

This matter arose upon the oral motion of defendants Eugene Myers and Modesto Echezarreta for permission to be absent

from the trial in this case. The Court announced its decision denying both motions in open court on December 3, 1979 after having taken both motions under advisement.

The circumstances surrounding both requests can be stated briefly. Myers wishes to be absent from the trial for a period of approximately one month to enable him to attend to some business affairs. Echezarreta seeks permission to be absent for an indeterminate period which would enable him to undergo elective surgery involving a bone graft. Both defendants assume that little, if any, evidence against them will be offered during this period and propose to waive their constitutional right to be present if any evidence is offered against them during their absence.

Both defendants rely on Rule 43 of the Federal Rules of Criminal Procedure as authority for the proposition that this Court has the power to grant and should grant their requests. In addition, Myers has directed the Court's attention to two court of appeals decisions involving Rule 43. The invocation of Rule 43 requires this Court to determine: (1) whether these defendants have a right to be absent from the trial, (2) whether the Court may permit a defendant's absence at its discretion, and (3) if so, whether the specific requests of these defendants should be granted.

### I. *A Right to be Absent?*

■ A defendant's right to be *present* during all stages of his trial is constitutionally mandated by the confrontation clause of the sixth amendment. *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). Rule 43 incorporates the defendant's right to be present and has been held to be constitutional. *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38

L.Ed.2d 174 (1973) (per curiam). In contrast, this Court must decide whether Rule 43 also contains a right for the defendant not to be present during his trial. The court has found no precedent in the Fifth Circuit on this question.

■ On its face, the first sentence of Rule 43 contains compulsory language:

The defendant *shall* be present . . at every stage of the trial . . . except as otherwise provided by this rule.

Rule 43(a) (emphasis added). Hence, unless some other provision of the rule grants the defendant the right to be absent, no such right exists. Subsection c of the rule specifies four separate instances in which a defendant need not be present, none of which are applicable in the case at bar.[1] Therefore, the defendants right to be absent must arise from Rule 43(b) if it is to exist.

Rule 43(b) refers to the voluntary absence of the defendant from his trial, stating in pertinent part:

The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial)

. . . . .

On its face, the rule grants the defendant no right to be absent. Rather, it refers to the defendant's "obligation to remain during the trial." Clearly, Rule 43(b) was designed to prevent a defendant from frustrating the adjudicative process once it has begun by refusing to attend the trial. The Advisory Committee on Rules of Criminal

---

1. Rule 43(c) provides:
  A defendant need not be present in the following situations:
    (1) A corporation may appear by counsel for all purposes.
    (2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.
    (3) At a conference or argument upon a question of law.
    (4) At a reduction of sentence under Rule 35.

Procedure stated as much when Rule 43 was first promulgated:

> The second sentence of the rule is a restatement of existing law that, except in capital cases, the defendant may not defeat the proceedings by voluntarily absenting himself after the trial has been commenced in his presence. [citations omitted] [2]

*Notes to Rules of Criminal Procedure*, 4 F.R.D. 405, 432 (1945). The 1975 amendments to Rule 43 did not alter this underlying purpose. *See generally Advisory Committee Note*, Fed.R.Crim.P. 43, 62 F.R.D. 326–27 (1974).

The two cases relied upon by defendant Myers also provide no support for a right to be absent from trial. In *United States v. Brown*, 456 F.2d 1112 (5th Cir. 1972), the court's dictum indicated no affirmative right to be absent but merely stated the clear implication of the rule:

> While it is not error, in some circumstances, for a defendant to be absent during trial, see, e. g., *Illinois v. Allen*, . . . , and Rule 43, . . . , a defendant *must* be present at sentencing.

456 F.2d at 1114 (emphasis in the original). The decision of the Court of Appeals for the District of Columbia Circuit in *United States v. McPherson*, 137 U.S.App.D.C. 192, 421 F.2d 1127 (D.C. Cir. 1969), also provides no support for an affirmative right to be absent. The *McPherson* majority argued that a defendant had a separate, corollary right that his trial not continue in his absence and that a defendant must knowingly waive this right in addition to his right to be present. In passing, this Court notes that *McPherson* majority's creative reasoning has been explicitly rejected by the Supreme Court which, in effect, adopted the rationale of Judge Tamm's well-reasoned and persuasive dissent. *See Taylor v. United States*, 414 U.S. 17, 19–20, 94 S.Ct. 194, 195–96, 38 L.Ed.2d 174 (1973).

Indeed, the little case law extant supports this Court's conclusion that criminal defendants have no affirmative right to be absent from trial proceedings. In *United States v. Moore*, 466 F.2d 547 (3d Cir. 1972) (per curiam), a defendant sought to avoid an in court identification and requested that he be tried *in absentia*. The appeals court noted:

> While Rule 43 does permit the court to continue the trial when the defendant absents himself, it does not, concomitantly, vest a *right of absence* in a defendant. Moreover, there is no perceptible due process violation by demanding that the defendant attend trial, even where such [in court] identification is an integral part of the issues before the jury. [citations omitted]

466 F.2d at 548 (emphasis in the original).

## II. Trial Court's Discretion

Although the defendant may not have a right to be absent from his trial, this Court concludes that a trial court has the discretion to permit such an absence.

The dramatic increase in complex civil litigation in the last several decades has received widespread attention. There has also occurred a less widely acknowledged increase in the complexity of criminal prosecutions. The "unique complexity of American criminal procedure" has only recently spurred the first calls for fundamental procedural reexamination. *See* Bell, *Preface—Eighth Annual Review of Criminal Procedure*, 67 Geo.L.J. 317 (1978). The present situation in the Southern District of Florida illustrates what may lie in store for other districts. It is likely that six month trials of complex alleged conspiracies may become altogether commonplace. *See, e. g., United States v. Forcer*, Case No. 79–187–Cr–JAG (34 defendants, trial estimate: 6 months); *United States v. Barone*, Case No. 78–185–Cr–WMH (trial time: 7 months); *United States v. Lombardozzi*, Case No. 78–171–Cr–SMA (trial time: 25 weeks).

To ensure that such complex cases may be tried efficiently at the same time that all the rights of criminal defendants are protected, district courts must rely on the

**2.** The exception for capital cases has since been deleted from Rule 43. *See Advisory Committee Note*, Fed.R.Crim.P. 43, 62 F.R.D. 326–27 (1974).

great deal of discretion they have traditionally been accorded to manage most aspects of criminal trials. *See generally* 67 Geo.L.J. 543–50.

The case at bar typifies the complex conspiracy trial. Jury selection for this trial began on September 17, 1979 with sixteen lawyers and eleven defendants crowding the well of the courtroom. After two and one-half months of trial, the best estimate is that the government is at the midpoint of its case. It would make these cases nearly impossible to try if each defendant were required to be present for each moment of the trial. In complex criminal cases, a trial court must have some discretion to permit brief and occasional absences by one or more defendants.

The little case law on this subject supports this conclusion. In a very recent case, the Second Circuit was petitioned by the United States government which sought a writ of mandamus to direct the district court to compel the attendance of a defendant. *In re United States*, 597 F.2d 27 (2d Cir. 1979) (per curiam). The court held that:

> Normally a judge can and should compel a defendant to be present at all stages of a felony trial pursuant to Rule 43(a). We think, however, that there is a residue of judicial discretion in unusual circumstances where good cause is shown such as physical endangerment of the defendant to permit temporary absence.

After announcing this standard, the panel remanded the case to the district court for an re-examination of the particular circumstances in the case and the panel retained jurisdiction.

This Court is well aware that the decisions of the Fifth Circuit do not favor proceedings in the absence of defendants. *See, e. g., United States v. Benavides*, 596 F.2d 137 (5th Cir. 1979). Nonetheless, the Fifth Circuit has recognized that a district court has discretion, albeit narrow, to proceed in the voluntary absence of a defendant. 596 F.2d at 139. Surely, the trial court's discretion must be at its greatest when the defendant has specifically requested in open court that the trial continue while he absents himself upon the court's approval.

### III.  *The Defendants' Specific Requests*

██ The Fifth Circuit has recently held that a trial court, faced with the unexplained absence of a defendant, must examine a wide range of considerations in determining whether to proceed with the trial. *United States v. Benavides*, 596 F.2d at 139–40. Similar considerations should be weighed by a trial court when defendants request to be absent, stating their reasons in open court. These factors should include (1) the possibility and effect of postponing the trial, (2) the potential burden on the government, (3) the possible prejudice to other defendants, (4) the possible burden on jurors, (5) the jeopardy (if any) to government witnesses, (6) the possible effect on the court's calendar, (7) the length of the absence requested, and of course—(8) the relative importance of the asserted reason for the particular defendant's absence.

██ Based on all of the above factors, the Court concludes that the specific requests of Myers and Echezarreta should be denied. Given the logistical problems inherent in criminal trials of this nature, there is no realistic possibility that the trial court be postponed while Myers attends to his business affairs and Echezarreta undergoes his elective surgery. Hence, the Court's choice is solely between requiring the defendant's attendance and permitting their absence.

If the Court permits these two defendants to be absent for the length of time requested, it cannot conclude that the burden on the government attorneys would be insignificant. The government has an interest in seeing that the various defendants are present when evidence against them is introduced and the Court should not lightly order the government attorneys to restructure the case they plan to present in the next month or so. Moreover, one codefendant has taken an objection to the absence of

these two defendants.[3]  Also, jurors may be inconvenienced if, for example, Echezarreta's surgery results in complications that extend his absence and the Court concludes that the trial should not proceed in his absence.  Similarly, the requested absences could have an adverse effect on the Court's calendar if the absences ultimately require a severance or other drastic remedy.  The Court also notes that the requested absences are well beyond the typical one or two day requests made by other defendants in this case.

All of the above objections to the defendants' absences might be overcome by a truly compelling need for the defendants presence elsewhere.  However helpful it might be for Myers to be able to attend to his business, his required attendance at trial inconveniences him no more than the jurors in this case are burdened by their required attendance at each day's proceedings.  With respect to Echezarreta, the Court notes that his proposed surgery is elective.  Although the Court is sympathetic to his desire to remedy a long-standing health problem, it is also mindful that any surgery can give rise to complications which could have an unpredictable effect on these proceedings.

After carefully reviewing the record in this case and reflecting on the arguments of counsel, the Court does

ORDER AND ADJUDGE that the motions of defendants Myers and Echezarreta are denied.

DONE AND ORDERED in chambers at Miami, Florida, this 4th day of December, 1979.

---

**3.**  Counsel for defendant Platshorn, one of the two defendants in custody during the trial, argued that if Myers and Echezarreta were permitted to be absent, then only the two defendants in custody would never have missed a day of trial.  The effect of this pattern of absences, counsel argued, would be to signal the jury that

Platshorn was in jail during the trial, thereby prejudicing the jury's determination of his guilt or innocence.  Of course, this Court does not hold that one defendant has the right to compel the attendance of a codefendant.  *Cf. Gordon v. United States,* 164 F.2d 855, 860–61 (6th Cir. 1947).