617 P.2d 1310
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**George Earl LARSON,
Defendant–Appellant.**

**No. 12721.**

Supreme Court of New Mexico.

Oct. 17, 1980.

Thomas A. Tabet, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Sante Fe, for plaintiff–appellee.

OPINION

SOSA, Chief Justice.

Larson was convicted of one count of first--degree and two counts of second–de-

gree criminal sexual penetration. He was charged with coercing his thirteen year old stepdaughter and his fifteen year old sister–in–law into performing various sexual acts with him.

The following issues are raised:

1. Whether the criminal sexual penetration statute, Section 30–9–11, N.M.S.A. 1978, is unconstitutionally vague because it does not define "unlawful" penetration, but merely proscribes it;

2. Whether the defendant's wife could give a valid consent to a search of their home;

3. Whether reference by the prosecutor to photographs, some of which were not admitted into evidence, and to guns owned by defendant, was unfairly prejudicial to defendant;

4. Whether the trial court erred in refusing to allow the defendant to waive his presence before the jury during trial?

On April 3, 1979, defendant's wife took her daughter and her sister to the police station to report that her husband had engaged in sexual activities with the children. She had just learned of the activities. An officer interviewed the daughter. The officer then obtained a written consent from the wife to search the residence of defendant and his wife. A search of the home revealed evidence including several photographs of defendant's sexual activities with the children, taken with a cable–release mechanism and self-timer attached to a Polaroid camera.

■ Defendant's first argument on appeal is that Section 30–9–11 is unconstitutionally vague. The portion of the statute which he focuses upon states:

Criminal sexual penetration is the unlawful and intentional causing of a person, other than one's spouse, to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse, or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission.

Defendant asserts that the statute fails to provide adequate notice of the proscribed conduct, because it does not define an "unlawful" penetration or distinguish it from a lawful penetration.

In *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954) the Supreme Court delineated standards by which a statute's definiteness might be measured:

The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed. (Footnote omitted.)

On the other hand, if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise. *United States v. Petrillo*, 332 U.S. 1, 7, 67 S.Ct. 1538, 1541, 91 L.Ed. 1877. Cf. *Jordan v. DeGeorge*, 341 U.S. 223, 231, 71 S.Ct. 703, 707, 95 L.Ed. 886.

*United States v. Harriss, supra*, at 617–18, 74 S.Ct. at 811–12.

We do not in any way believe that a person of ordinary intelligence would not understand which type of conduct is proscribed by Section 30–9–11. The remainder of the statute distinguishes first, second, and third–degree criminal sexual penetration, and each degree implicitly or explicitly requires that force or coercion be present during the act, unless the child is under thirteen years of age. The statute must be read in its entirety. *State v. Ferris*, 80 N.M. 663, 459 P.2d 462 (Ct.App.1969). As to a child under thirteen, even though a case might be hypothesized which would fit within the terms of the statute but for which there should be no criminal liability, we do not think "it encourages arbitrary and erratic arrests and convictions." (Citations omitted.) *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839,

843, 31 L.Ed.2d 110 (1972). "Unlawful" has been defined by this Court as "without excuse of justification," *Territory v. Gonzales,* 14 N.M. 31, 38, 89 P. 250 (1907), and the use of that term by the statute does not render the statute void for vagueness in these circumstances.

█ Defendant's second argument on appeal is that his wife could not validly consent to a search of their home. He posits that because his wife wanted to have him arrested she should not be able to consent to the search. It is not contended that the wife did not possess common authority over the home.

Where the person consenting has common authority over the premises with the defendant, a consent to a search of the premises is valid. *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). *See State v. Madrid,* 91 N.M. 375, 574 P.2d 594 (Ct.App.1978), *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978). We do not believe that the motivation or intent of the consenting person has any bearing on the validity of the consent. We hold that the consent to the search was valid.

█ The defendant's next point on appeal is that references by the prosecutor to photographs and guns which were not admitted into evidence caused prejudice requiring reversal. Approximately 219 photographs were seized by the police. About one–fourth of these were admitted into evidence. Several of the photographs which were not admitted into evidence did not depict any criminal activity by the defendant. The prosecutor apparently referred to these photographs, and it is argued that the jury may have thought all the photographs were evidence of criminal activity. We hold that there was no reversible error. The prosecutor stated to the jury that he was introducing only those pictures which were of significance to the case. Further, the defendant never attempted to have the photographs admitted himself.

█ The prosecutor also referred to some guns owned by the defendant. This also was not unfairly prejudicial to the defendant. A picture of defendant with a gun was admitted into evidence without objection. The prosecutor attempted to introduce a gun into evidence, but the court sustained an objection to the admissibility. Thereafter, the prosecutor did not make any more attempts to introduce the guns into evidence. We find nothing wrong with the prosecutor's conduct.

█ The defendant's next point is that it was error for the court to refuse his request to waive his presence before the jury during trial. Defendant was under medication at the time and asserts that his demeanor could have had a negative impact on the jury.

Defendant asserts a right to waive his presence before the jury during trial based upon Rule 47, N.M.R.Crim.P., N.M.S.A. 1978. Rule 47 is virtually identical to Rule 43 of the Federal Rules of Criminal Procedure. It has been held that Rule 43 does not vest a right of absence in a defendant. *U. S. v. Moore,* 466 F.2d 547 (3d Cir. 1972), *cert. denied,* 409 U.S. 1111, 93 S.Ct. 920, 34 L.Ed.2d 692 (1973). However, in *In re United States,* 597 F.2d 27 (2d Cir. 1979) the court stated that while normally a judge can and should compel a defendant to be present at all stages of a federal trial under Rule 43, "there is a residue of judicial discretion in unusual circumstances where good cause is shown such as physical endangerment of the defendant to permit temporary absence." *Id.* at 28.

New Mexico's Rule 47, like Federal Rule 43, does not vest a right of absence in defendant, but rather, requires his presence at trial. Rule 47(a). Even if we assume for the purpose of this appeal that the trial court retains discretion to permit the absence of defendant during trial in circumstances other than those delineated in Rule 47, the record in this case indicates that the trial court carefully considered defendant's request and was acting within the bounds of its discretion.

The trial court is affirmed.

EASLEY and PAYNE, JJ., concur.