STATE OF CONNECTICUT *v.* RICHARD A. GIORGIO
(2082)

TESTO, DUPONT and BORDEN, Js.

Argued April 11—decision released June 26, 1984

*Daniel V. Presnick,* for the appellant (defendant).

*Steven M. Sellers,* deputy assistant state's attorney, with whom, on the brief, were *James Radda,* deputy assistant state's attorney, and *Carl Schuman,* assistant state's attorney, for the appellee (state).

DUPONT, J. After a jury trial, the defendant was convicted of criminal impersonation in violation of General Statutes § 53a-130 (a).[1] The defendant has appealed[2] claiming that the trial court erred (1) in ruling that the defendant's presence was required during the trial; (2) in denying his motion to dismiss and his motions for judgment of acquittal; and (3) in failing to charge as requested.[3]

From the evidence presented at trial, the jury could reasonably have found the following: In the early morning hours of June 28, 1982, Laura McKinley was driving on interstate 95 in New Haven when another car, driven by the defendant, moved in a position parallel

---

[1] General Statutes § 53a-130 (a) provides: "A person is guilty of criminal impersonation when he: (1) Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another; or (2) pretends to be a representative of some person or organization and does an act in such pretended capacity with intent to obtain a benefit or to injure or defraud another; or (3) pretends to be a public servant, or wears or displays without authority any uniform or badge by which such public servant is lawfully distinguished, with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense."

[2] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[3] The defendant also claimed that the court erred in imposing a sentence to be served consecutive to a previous, undischarged sentence. That issue is now moot since the defendant has served his sentence on the present conviction and parole has been discharged on the previous sentence. The issue is not, therefore, considered in this opinion.

to her. The defendant flashed a silver badge, which consisted of a shield in a black leather case, and pointed at her. McKinley pulled over to the side of the highway, as did the defendant. Upon stopping, the defendant walked up to her side window, again flashed the badge and told her she had been speeding. McKinley addressed him as "officer" and handed him her license. The defendant criticized her driving and stated that he would not ticket her because he was in "hot pursuit" of another vehicle. He then returned to his car and drove away. McKinley and her passenger had noted the license number of the defendant's car and reported the incident to the state police.

The defendant is an honorary deputy sheriff of New Haven County. He received the title and badge when he joined a sheriff's association, after having paid dues of approximately $30. The badge is not issued through the office of the chief sheriff, and does not carry with it any power or authority.

## I

On the first day of trial, just prior to the presentation of the state's case in chief, the state, prompted by the defendant's absence from the courtroom, moved that the defendant be compelled to be present. The trial court granted the motion. It is the defendant's claim that his forced presence at the trial constituted an impermissible show-up in violation of his constitutional rights because any identification of him would be based on his presence in the courtroom. In the absence of the defendant and the jury, the state's two identification witnesses preliminarily testified as to the appearance of the man who stopped McKinley's car. The trial then proceeded with the defendant in attendance.

A defendant has a constitutional right to be present at all stages of his criminal trial. *Illinois* v. *Allen,* 397 U.S. 337, 338, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970);

*State* v. *Olds,* 171 Conn. 395, 405, 370 A.2d 969 (1976). This right may be waived by the defendant's voluntary and deliberate absence from the trial without good cause, or by his conduct or misconduct. *Illinois* v. *Allen,* supra; *State* v. *Parham,* 174 Conn. 500, 505, 391 A.2d 148 (1978); *Talton* v. *Warden,* 171 Conn. 378, 384, 370 A.2d 965 (1976).

The defendant argues that he not only has a constitutional right to be present at his trial but a constitutional right to be absent from his trial. Prior Connecticut decisions relating to the right of an accused to be present during criminal proceedings concern claims that a trial should not have been continued in the absence of the defendant. None concerns the power of the court to compel his attendance. The Practice Book, however, substantiates the proposition that there is no right of absence of a defendant from his criminal trial. Practice Book § 967 provides that "[t]he defendant has the right to be present at the arraignment, at the time of the plea, at evidentiary hearings, at the trial, and at the sentencing hearing." Practice Book § 968 states that a defendant "must be present at the trial" but may be excused by the court if he is represented by counsel and waives the right to be present. In addition, § 969 provides that "[i]f the defendant is not present at the trial or a part thereof . . . and his absence has not been excused, the judicial authority, by order, may direct a law enforcement officer to bring the defendant forthwith before the court for the trial or hearing."

Federal cases provide authority for the tenet that, although a court may proceed with a criminal trial if the defendant voluntarily absents himself from it, there is no concomitant right of absence from a criminal trial of a defendant. *United States* v. *Moore,* 466 F.2d 547 (3d Cir. 1972). There is no due process violation in the requirement that a defendant must attend his own trial even where his identification as the perpetra-

tor of the crime is an integral part of the issues before the jury. Id., 548; see also *In re United States,* 597 F.2d 27 (2d Cir. 1979); *United States* v. *Fitzpatrick,* 437 F.2d 19 (2d Cir. 1970). In *United States* v. *Meinster,* 481 F. Sup. 1112 (S.D. Fla. 1979), the court held that although the defendant may not have the right to be absent from his trial, a trial court has the discretion to permit such an absence. Id., 1115. The court, however, denied the defendants' motions to be absent where one wished to attend to business affairs and the other to undergo elective surgery, since neither had shown "a truly compelling need for [their] presence elsewhere." Id., 1117. The federal cases interpret Rule 43 of the Federal Rules of Criminal Procedure, which is analagous to Practice Book §§ 967 and 968.[4] In the absence of Connecticut cases interpreting a particular section of the Practice

---

[4] Fed. R. Crim. P. 43 provides as follows:

"(a) PRESENCE REQUIRED. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

"(b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived his right to be present whenever a defendant, initially present,

"(1) voluntarily absents himself after the trial has commenced (whether or not he has been informed by the court of his obligation to remain during the trial), or

"(2) after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom.

"(c) PRESENCE NOT REQUIRED. A defendant need not be present in the following situations:

"(1) A corporation may appear by counsel for all purposes.

"(2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

"(3) At a conference or argument upon a question of law.

"(4) At a reduction of sentence under Rule 35."

Book, federal cases interpreting similar federal rules may be consulted. *State* v. *Shaw,* 185 Conn. 372, 386, 441 A.2d 561 (1981).

In the appeal before us, the defendant wished to absent himself from the courtroom solely and expressly to make it more difficult for the state to prove its case as to his identity. The court did not violate any constitutional right of the defendant in requiring that he be present for trial.

## II

The defendant assigns as error the trial court's denial of his motion to dismiss,[5] which was based on the claim that General Statutes § 53a-130 (a) was unconstitutionally vague, and its denial of his motions for judgment of acquittal for the state's failure to prove the necessary elements of the crime with which he was charged.

The defendant's vagueness claim is couched in general principles of law without application to the facts of this case. It appears, however, that his central concern is the meaning of "public servant," which is not defined in § 53a-130. In construing a statute, other statutes relating to the same subject matter may be looked to for guidance because the legislature is presumed to have created a consistent body of law. *Heffernan* v. *Slapin,* 182 Conn. 40, 46, 438 A.2d 1 (1980); *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 58, 392 A.2d 491 (1978). Section 53a-2 states that the provisions of the penal code apply to any offense defined in that title, unless otherwise expressly provided or unless the context otherwise requires. Section 53a-146 of the code provides definitions applicable to bribery, offenses against the administration of justice and other related offenses. Subsection 3 thereof defines "public servant"

---

[5] The motion was properly a motion for judgment of acquittal. Practice Book § 883.

as "an officer or employee of government, elected or appointed, and any person participating as adviser, consultant or otherwise, paid or unpaid, in performing a governmental function." Under § 53a-2, this definition applies not only to bribery, offenses against the administration of justice and related offenses but to other sections of the code, including § 53a-130 (a). See *State* v. *Perruccio,* 192 Conn. 154, 160, 471 A.2d 632 (1984).

"[L]aws may be general in nature so as to include a wide range of prohibited conduct. The constitution requires no more than a reasonable degree of certainty." Id., 160–61, quoting *State* v. *Chetcuti,* 173 Conn. 165, 377 A.2d 263 (1977). Section 53a-130 (a) clearly meets that requirement. It is not necessary that the statute list the precise actions prohibited by it. *State* v. *Eason,* 192 Conn. 37, 47, 470 A.2d 688 (1984). There is no merit in the defendant's argument that he lacked fair warning that directing another driver to pull off the highway, displaying a badge and delivering a reprimand was proscribed conduct. The court was correct in denying the defendant's "motion to dismiss."

The denial of the defendant's motions for judgment of acquittal[6] was also proper. It was the state's burden to prove that the defendant pretended to be a public servant or that he had worn or displayed, without authority to do so, a badge by which such public servant is lawfully distinguished. In other words, the state had the burden of proving the negative fact that the defendant was not a public servant at the time of the offense. The state satisfied this burden.[7] It was not

---

[6] The defendant moved for judgment of acquittal at the close of the state's case in chief and again at the close of all the evidence. The issues raised were virtually the same in both instances.

[7] The state adduced evidence which established that the defendant was not, and had never been, a member of the New Haven police department or one of its constables, a state trooper, a sheriff or deputy sheriff in New Haven County, or connected with Yale University police, Macy's security or Malley's security.

required to prove a matter personal to the defendant which would remove him from the operation of the statute, i.e., that he truly was a public servant. *State* v. *Januszewski,* 182 Conn. 142, 147, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981).

It was also the state's burden to prove that the defendant had the specific intent "to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense," since such intent is an essential element of the crime. See *State* v. *Carter,* 189 Conn. 611, 625, 458 A.2d 369 (1983). Intent may be, and usually is, inferred from conduct. *State* v. *Holley,* 174 Conn. 22, 26, 381 A.2d 539 (1977); *State* v. *Sober,* 166 Conn. 81, 92–93, 347 A.2d 61 (1974). The defendant's actions and statements were circumstantial proof of his intent to induce McKinley to submit to the official authority he pretended to be. The jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983). The defendant's contention that the state was required to prove which specific public servant the defendant was impersonating is baseless.

### III

The defendant argues that the court erred in its charge as to the term "public servant." The court defined public servant as "government official"[8] and declined to charge as requested by the defendant.[9] The

---

[8] The court charged the jury in part as follows: "The term 'public servant,' as defined in Funk & Wagnalls Standard Desk Dictionary, means 'a government official.' "

[9] The defendant requested the following instruction: "The term public servant as used in [General Statutes § 53a-130 (a) (3)] is defined as an employee of the State of Connecticut acting in the course of his employ-

meaning of public servant has been previously discussed in the context of the defendant's void for vagueness argument. The charge as given was correct and sufficient for the guidance of the jury. *State* v. *Storlazzi,* 191 Conn. 453, 464, 464 A.2d 829 (1983); *State* v. *Mason,* 186 Conn. 574, 585, 442 A.2d 1335 (1982).

The defendant also claims that the jury instructions as to inferences were erroneous. He maintains that the court should have charged that an inference may be drawn only if it is established beyond a reasonable doubt. This is incorrect. The jury may draw reasonable and logical inferences from facts proved beyond a reasonable doubt; *State* v. *Stepney,* supra; or from facts it has found as the result of other inferences. *State* v. *Avcollie,* 178 Conn. 450, 460, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980). A jury may find the defendant guilty beyond a reasonable doubt if the cumulative effect of the facts established and the inferences reasonably drawn from the facts establishes such guilt. *State* v. *Stepney,* supra. There is no basis for the defendant's request to charge other than his confusion of the distinction between inferences and presumptions, and his misstatement of the law. The defendant was entitled to have the jury correctly instructed on the law. *State* v. *Falcone,* 191 Conn. 12, 26, 463 A.2d 558 (1983); *State* v. *Cooper,* 182 Conn. 207, 210, 438 A.2d 418 (1980).

There is no error.

In this opinion the other judges concurred.

---

ment for the benefit of the public. Said term would include a police officer but would not include any job in which an individual was not employed by, that is paid by, the State of Connecticut and while acting in the course of his employment was not a benefit to the public."