## State of Connecticut *v.* Wayne Lineberry
## (3860)

Borden, Daly and Bieluch, Js.

Argued March 18—decision released May 27, 1986

*George V. Lawler* and *Donald P. Guerrini* filed a brief for the appellant (defendant).

*Michael E. O'Hare,* deputy assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Maureen Platt* and *James G. Clark,* deputy assistant state's attorneys, for the appellee (state).

DALY, J. The defendant was convicted by a jury of larceny in the first degree, a violation of General Statutes §§ 53a-119 and 53a-122, and possession of a motor vehicle with altered identification number, a violation of General Statutes § 14-149. The defendant appeals from the judgment of conviction claiming that the court abused its discretion in allowing the trial to proceed to a verdict in his absence and in denying his motion for a new trial.

The jury could reasonably have found the following facts. In February, 1984, the defendant, Wayne Lineberry, was found to be in possession of a stolen blue 1979 Ford F-350 pickup truck, the exterior appearance of which had been altered to that of a 1974 model. The vehicle's identification number had been changed from its original number and the serial number of the vehicle's CB radio had been ground off. A popped ignition switch was found in the bed of the truck. The defendant misrepresented the purchase price paid for the vehicle, which previously had been registered in the name of his former girlfriend.

On Wednesday, November 14, 1984, the first day of trial, a recess was declared after both sides rested. At the defense counsel's request, the matter was continued until 10 a.m. the following Tuesday, November 20, 1984. The trial court mentioned the Tuesday resumption date at least three times and specifically informed the defendant to return on that date. The defendant failed to appear on Tuesday and the defense counsel indicated to the court that the defendant's mother had informed him that the defendant did not feel that he was to appear until Wednesday, November 21, 1984.[1] The state moved that a finding be made by the court to the effect that the defendant had waived his right to be present and that the case proceed without the defendant. The court made such a ruling and the case proceeded to final arguments and to the jury charge and verdict which resulted in the defendant's convictions.

The defendant moved for a new trial claiming that he was deprived of his right to be present during the last portion of the trial. From the trial court's denial of that motion, the defendant has appealed. The sole issue on appeal is whether the trial court erred in ruling that, under Practice Book § 968, the defendant waived his right to be present at trial, thereby depriving him of his rights guaranteed by the sixth amendment to the United States constitution, by the constitution of Connecticut, article first, § 8 and by Practice Book § 967.

An accused has a constitutional right, guaranteed by the confrontation clause, to be present at all stages of his criminal trial. Practice Book § 967; *Illinois* v. *Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 25 L. Ed. 2d 353, reh. denied, 398 U.S. 915, 90 S. Ct. 1684, 26 L. Ed.

---

[1] The record is devoid of any appearance by the defendant on Wednesday, November 21, 1984.

2d 80 (1970); *Talton* v. *Warden*, 171 Conn. 378, 381, 370 A.2d 965 (1976); *State* v. *Giorgio*, 2 Conn. App. 204, 206, 477 A.2d 134 (1984). This includes a right of both the defendant and his counsel to be present at all stages of the trial from arraignment to verdict and discharge of the jury. *Polizzi* v. *United States*, 550 F.2d 1133, 1137 (9th Cir. 1976).

In a prosecution for a felony, a defendant's right under the fourteenth amendment to be present at trial exists only to the extent that a " 'fair and just hearing would be thwarted by his absence' " and not when his presence " 'would be useless, or the benefit but a shadow.' " *Talton* v. *Warden*, supra, 382; *Snyder* v. *Massachusetts*, 291 U.S. 105–108, 54 S. Ct. 330, 78 L. Ed. 674 (1933). "The accused's right to be present at trial may be lost by consent, or waiver, or by misconduct." *Talton* v. *Warden*, supra, 384. "[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." *Diaz* v. *United States*, 223 U.S. 442, 455, 32 S. Ct. 250, 56 L. Ed. 500 (1912); *Taylor* v. *United States*, 414 U.S. 17, 19, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973).

Practice Book § 968 provides in pertinent part: "The defendant must be present at the trial and at the sentencing hearing, but if he will be represented by counsel at the trial or sentencing hearing, the judicial authority may: . . . (2) Direct that the trial or a part thereof . . . be conducted in his absence if the judicial authority determines that he waived his right to be present . . . . " A waiver may be manifested by an "intelligent and intentional action by the petitioner"

relating to the right to be waived and "does not have to be express but may consist of acts or conduct from which it may be implied." *McClain* v. *Manson,* 183 Conn. 418, 430, 439 A.2d 430 (1981); *United States* v. *Tortora,* 464 F.2d 1202, 1208 (2d Cir. 1972).

Our Supreme Court upheld the finding that the defendant had waived his right to be present at the remainder of his trial in *State* v. *Parham,* 174 Conn. 500, 391 A.2d 148 (1978), where the defendant failed to return on the designated Tuesday or the following Wednesday when the trial resumed in his absence. A verdict was received in the defendant's absence in *United States* v. *Friedman,* 593 F.2d 109, 121 (9th Cir. 1979) after a forty minute waiting period. In our case, "[t]he [trial] court could reasonably and logically conclude that by absenting himself after the [presentation of evidence], the defendant had voluntarily waived his right to be present for the duration of the trial." *State* v. *Parham,* supra, 506.

Even if we assume, arguendo, that a constitutional right of the defendant was violated by the trial court, the state may demonstrate that the error was harmless beyond a reasonable doubt. Holden & Daly, Connecticut Evidence § 58 f, p. 137. The prosecution bears the burden of proving that the defendant's absence presents no reasonable possibility of prejudice. *United States* v. *Ford,* 632 F.2d 1354, 1379 (9th Cir. 1980); cf. *United States* v. *Cassasa,* 588 F.2d 282, 285 (9th Cir. 1978). The evidence was introduced in its entirety while the defendant was present in the courtroom. There was overwhelming evidence that the defendant was guilty. Furthermore, the defendant's absence was not brought to the attention of the jury. We find, therefore, that the harmless error doctrine would apply. *State* v. *Bruno,* 197 Conn. 326, 335, 497 A.2d 758 (1985).

There is no error.

In this opinion the other judges concurred.