985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel BLUE, Defendant-Appellant.
 No. 92-3293.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel Blue, a federal prisoner, appeals the district court's judgment of conviction on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this appeal.
 
 
 2
 Blue was charged with unlawfully possessing a .38-caliber firearm on February 9, 1991. The indictment also recited that he had previously been convicted of three violent felonies, in anticipation of sentence enhancement as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). Following a two-day trial, the jury returned a verdict of guilty. The district court sentenced Blue to 262 months imprisonment, to be served consecutively to two state terms of incarceration, and five years supervised release.
 
 
 3
 On appeal, Blue claims that he was denied his right to a fair trial because: (1) the district court erroneously permitted evidence of Blue's status as a convicted felon and instructed the jury on that status despite the offer to stipulate, (2) the district court erroneously compelled Blue's presence at trial despite his waiver, (3) the district court erroneously compelled him to stand trial in prison garb, (4) there was insufficient evidence to convict, and (5) the district court erroneously permitted testimony of other crimes. In addition, Blue has filed a motion for leave to file a supplemental brief raising the additional issue of whether the district court erred in ordering Blue's federal sentence to run consecutively to his state sentence for aggravated robbery and kidnapping.
 
 
 4
 Upon review, we deny the motion and affirm the district court's judgment.
 
 
 5
 Blue's first issue is meritless because the government's burden to prove every element of the charged offense is not removed by a defendant's tactical decision not to contest an essential element. See Estelle v. McGuire, 112 S.Ct. 475, 481 (1991). A prior felony conviction is an essential element of the offense of felon in possession of a firearm. See United States v. Ford, 872 F.2d 1231, 1238 (6th Cir.1989), cert. denied, 495 U.S. 918 (1990). The government's proof as to this element consisted solely of the stipulation of the parties; the nature of the prior conviction was not presented to the jury. Consequently, it is difficult to see how Blue was deprived of a fair trial by the admission of this stipulation.
 
 
 6
 Blue's second issue is without merit because, pursuant to Fed.R.Crim.P. 43, he does not have an absolute right to waive his presence at his felony trial. Although a defendant who is free on bond may waive his right to attend part or all of his trial, see United States v. Gallo, 763 F.2d 1504, 1529 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986), a defendant in custody is generally required to attend his trial. See In re United States, 597 F.2d 27, 27-28 (2d Cir.1979) (per curiam); United States v. Durham, 587 F.2d 799, 800 (5th Cir.1979); United States v. Moore, 466 F.2d 547, 548 (3d Cir.1972), cert. denied, 409 U.S. 1111 (1973). See also Diaz v. United States, 223 U.S. 442, 455 (1912); Evans v. United States, 284 F.2d 393, 395 (6th Cir.1960). Because Blue did not show good cause for his desire to be absent from his felony trial, the district court did not abuse its discretion in denying his request. See In re United States, 597 F.2d at 28.
 
 
 7
 Blue is not entitled to relief on the ground that he wore prison garb at his trial because he was not compelled to stand trial before the jury in identifiable prison clothing. See Estelle v. Williams, 425 U.S. 501, 512 (1976); United States v. Rogers, 769 F.2d 1418, 1423 (9th Cir.1985). A defendant's failure to object to being tried in identifiable prison garb negates the presence of the compulsion necessary to establish a constitutional violation. See Williams, 425 U.S. at 512-13. Although Blue did initially object to the prison clothing, he subsequently agreed to remain in his khaki jumpsuit for his trial. Because the record is undisputed that the prison clothing was not identifiable as such and, more importantly, because Blue waived his objection, he is not entitled to relief on this ground.
 
 
 8
 Blue's conviction under 18 U.S.C. § 922(g)(1) was supported by sufficient evidence such that a rational finder of fact could accept the evidence as establishing each essential element of the crime, when viewed in the light most favorable to the prosecution. See United States v. Powell, 469 U.S. 57, 67 (1984); United States v. Wood, 780 F.2d 555, 557 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986).
 
 
 9
 The government must prove three essential elements in order to sustain a conviction under § 922(g)(1):
 
 
 10
 (1) The defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
 
 
 11
 (2) The defendant knowingly possessed a firearm; and
 
 
 12
 (3) The possession was in or affected interstate commerce.
 
 
 13
 Blue's argument relates to the element of knowing possession of a firearm. He contends that no evidence was presented to link him with the specific firearm recovered by police. The transcript shows otherwise. Possession of a firearm for purposes of the statute may be actual or constructive; constructive possession occurs when a person knowingly has the power and the intention at a given time to exercise control over the firearm either directly or through others. See United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973). Further, circumstantial evidence may support a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986); United States v. Eisner, 533 F.2d 987, 989 (6th Cir.), cert. denied, 429 U.S. 919 (1976).
 
 
 14
 The trial testimony, if believed by the jury, established that Blue used what appeared to be a gun to rob a coin laundromat on the morning of February 9, 1991, although the witness could not identify it as the same gun recovered from the dumpster. Another witness testified that later the same morning, several blocks from the laundromat, Blue pistol-whipped him with the trigger guard of a loaded, blue-gray, .38-caliber snub nose revolver, similar to the one recovered by police. The trigger guard was bent on the revolver constituting the government's exhibit. When police found Blue hiding inside a dumpster later the same day, a loaded .38-caliber snub nose revolver was found within Blue's reach. Another officer found .38-caliber ammunition, as well as the robbery victim's wallet, in Blue's pocket. From this combination of direct and circumstantial evidence, a reasonable jury could easily have drawn the conclusion that Blue was in knowing possession of the revolver found in the dumpster on February 9, 1991.
 
 
 15
 The district court did not abuse its discretion when it admitted testimony of the robbery and assault under Fed.R.Evid. 404(b). See United States v. Holloway, 740 F.2d 1373, 1377 (6th Cir.), cert. denied, 469 U.S. 1021 (1984). The testimony complained of was probative of the element of Blue's knowing possession of a firearm and was inextricably intertwined with the crime charged. Under these circumstances, Rule 404(b) does not bar admission of the evidence and, in fact, the evidence is not even considered to be "other crimes" evidence. See United States v. DeClue, 899 F.2d 1465, 1472 (6th Cir.1990); United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987); United States v. DeLuna, 763 F.2d 897, 913 (8th Cir.), cert. denied, 474 U.S. 980 (1985).
 
 
 16
 Finally, we deny the motion for leave to file a supplemental brief because the issue raised therein does not warrant resentencing. Our review of the applicable statutes, sentencing guidelines, and transcript of the sentencing proceeding satisfies us that the district court did not abuse its discretion in imposing a consecutive sentence. See United States v. Stewart, 917 F.2d 970, 973 (6th Cir.1990).
 
 
 17
 Accordingly, the motion for leave to file a supplemental brief is denied. The district court's judgment, filed March 25, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.