This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                    No. 32,837

GERALD CHAVEZ,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Christina P. Argyres, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

BUSTAMANTE, Judge.

{1} Gerald Chavez (Defendant) appeals from the district court's judgment in an on-record metropolitan court appeal. [RP 79] The judgment affirms the metropolitan court's judgment convicting Defendant of DWI (1st offense), pursuant to a conditional plea. [Id.] In the plea agreement [RP 36], Defendant reserved the right to appeal the metropolitan court's decision to deny his motion to suppress. [RP 34] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] Unpersuaded, however, we affirm.

**Issue 1 - Reasonable Suspicion to Support the Stop.**

{2} In his memorandum, Defendant continues to argue that the officer was not close enough to Defendant's vehicle to notice that there was no other traffic near Defendant that could have caused Defendant to sound his horn. [MIO 7] Defendant points out that the officer did not testify that he never lost sight of Defendant's vehicle and that the officer only testified that he did not see any other traffic as he approached Defendant. [MIO 7-8] Further, Defendant points out that, in the dark from two blocks away any dark-colored vehicle would have been difficult to see, "especially a car on a side street off Montgomery." [MIO 8] As such, Defendant argues that the State failed to show that an objectively reasonable officer would have believed he had

2

reasonable suspicion to stop Defendant for a horn violation. [MIO 8] We are not persuaded.

{3} As we discussed in the calendar notice, "[a]ppellate review of a motion to suppress presents a mixed question of law and fact." *State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137, 257 P.3d 957. First, a reviewing court looks "for substantial evidence to support the trial court's factual finding, with deference to the district court's review of the testimony and other evidence presented." *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861. "We then review the application of the law to those facts, making a de novo determination of the constitutional reasonableness of a search or seizure." *State v. Sewell*, 2009-NMSC-033, ¶ 12, 146 N.M. 428, 211 P.3d 885.

{4} "An automobile stop and the attendant detention of its occupants is a 'seizure.'" *State v. Olson*, 2012-NMSC-035, ¶ 11, 285 P.3d 1066 (citing *State v. Duran*, 2005-NMSC-034, ¶¶ 22-23, 138 N.M. 414, 120 P.3d 836, *overruled on other grounds by Leyva*, 2011-NMSC-009, ¶ 17). "In *Duran*, this Court recognized the two-part test from *Terry v. Ohio*, 392 U.S. 1, 20 (1968), [which is] whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Olson*, 2012-NMSC-035, ¶ 11 (internal quotation marks and citation omitted); *see also Leyva*,

2011-NMSC-009, ¶¶ 3, 28 (upholding *Duran* as the appropriate inquiry for evaluating permissible officer questioning during traffic stops under Article II, Section 10 of the New Mexico Constitution).

{5}    The docketing statement and the memorandum agree that the officer testified at trial as follows. On November 9, 2008, at about 1:50 a.m., the officer was traveling westbound on Montgomery approaching Louisiana, when he heard a car horn sound about four or five times. [DS 2, MIO 1] There was a small amount of traffic traveling eastbound and the officer first assumed that the sound came from one of them. [Id.] The officer was about a quarter of a mile behind Defendant's car and continued driving behind Defendant's car, closing the distance between them to about two blocks. [Id.] The officer testified that he observed Defendant's car weaving within the lane. [DS2, MIO 2] The officer heard the horn sound again two or three times and he could hear that it was coming from Defendant's vehicle. [Id.] The officer further testified that at that point, aside from the officer's and Defendant's vehicles, there was no other traffic on Montgomery or the side streets. [DS 3, MIO 2] The officer stated that when he heard the horn, he looked down the side streets he passed to see if there were any other vehicles and when he heard the horn the second time, there was no other traffic around and therefore no reason for a driver to sound his horn. [Id.] The

4

officer testified that he stopped Defendant for unnecessary use of the horn and for weaving within his lane. [Id.]

{6} Defendant testified that he used his horn when a car almost came to a complete stop in his lane, that the other car was some distance ahead of him, that he did not think he swerved but that he may have swerved to avoid the other car. [DS 3-4, MIO 3] Defendant also testified that the other car's stopping in his lane was the only reason for honking his horn and that he does not honk his horn just for the fun of it. [DS 4, MIO 3] The metropolitan court denied the motion to suppress, ruling that the officer had reasonable suspicion to stop Defendant for violation of NMSA 1978, Section 66-3-843 (1978) (regulating the use of horns and warning devices). [RP 34] We agree.

{7} Section 66-3-843 provides, in pertinent part, that "[t]he driver of a motor vehicle shall when reasonably necessary to ensure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway." {8}

The officer's testimony indicated that Defendant kept honking his horn when there were no other vehicles around. [DS 5, MIO 4] To the extent that Defendant offered conflicting testimony that he honked at a vehicle that stopped in his lane, the metropolitan judge as fact finder at the suppression hearing, is entitled to find the officer's testimony credible and to reject Defendant's version of events. *See State v.*

5

*Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that contrary evidence supporting acquittal does not provide a basis for reversal because the fact finder is free to reject the defendant's version of the facts). Similarly, to the extent Defendant argues in the memorandum that the darkness of the night or the officer's vehicle's distance from Defendant's vehicle would have made it difficult for the officer to see what Defendant was honking at or whether there were other vehicles down side streets [MIO 7-8], these are matters for the fact finder involving the credibility of the officer's testimony and the weight to be given to it. *See State v. Garvin*, 2005-NMCA-107, ¶ 5, 138 N.M. 164, 117 P.3d 970 (observing that as the appellate court, we do not substitute our judgment for that of the fact finder concerning the credibility of witnesses or the weight to be given their testimony).

{9} We affirm the district court's decision to affirm the metropolitan court's denial of the motion to suppress. We hold that the stop was based on reasonable suspicion that Defendant was violating Section 66-3-843. *See State v. Vandenburg*, 2003-NMSC-030, ¶ 21, 134 N.M. 566, 81 P.3d 19 (recognizing that the arresting

6

officer "reasonably suspected that [the defendant] had violated a traffic law, and therefore, [the officer] was entitled to stop [the defendant's] car").

**Issue 2 - Constitutional Vagueness Challenge.**

{10}    In the memorandum, Defendant contends that the statute regulating horn use while driving permits "police officers, prosecutors, judges, or juries to engage in arbitrary and discriminatory enforcement of the statute" because it has no standards or guidelines, which encourages "subjective and ad hoc application." [MIO 9] Defendant contends that since it was "up to the officer to decide whether use of the horn was reasonable," this led to an "absurd result," because "it leads to traffic stops and prosecutions based on questionable facts, when drivers have no means of ascertaining where to draw the line between reasonable and unreasonable use of the horn." [MIO 9-10] Defendant further argues that, therefore, the statute unconstitutionally "delegates to the officer" "the policy decision" or "complete discretion" whether to stop a driver who uses his horn "when the officer does not see any other traffic near the driver." [MIO 10] We are not persuaded.

{11}    As we discussed in the calendar notice, this Court reviews a constitutional vagueness challenge de novo in light of the facts of the case and the conduct that is being prohibited by the statute. *See State v. Smile*, 2009-NMCA-064, ¶ 17, 146 N.M.

7

525, 212 P.3d 413. Statutes are presumed constitutional and Defendant bears the burden of establishing unconstitutionality. *See id.*

{12} We remain persuaded that, as the district court recognized in its memorandum opinion, Defendant has failed to demonstrate that the statute did not give him a fair opportunity to determine whether his conduct was prohibited. [RP 91] Defendant testified that he did not think he violated the statute because he only honked his horn to warn another driver, and he does not honk his horn for the fun of it. [RP 91; DS 4] As such, although the metropolitan court did not find this testimony credible, Defendant's own testimony indicates that the statute gave him a fair opportunity to determine what conduct was prohibited.

{13} Moreover, we cannot say that the statute provides no guidelines for when a violation has occurred thereby allowing for arbitrary or ad hoc vehicle stops and prosecutions, as Defendant argues in the memorandum. [MIO 8-10] The officer testified that he pulled Defendant over because Defendant was honking his horn repeatedly at 1:50 a.m. on a city street when no other traffic was around, and, in contrast, Defendant testified that a vehicle stopped in front of him, making it reasonably necessary to sound his horn. As stated in our discussion of Issue 1, we do not substitute our judgment for that of the fact finder concerning the credibility of witnesses or the weight to be given their testimony. *Garvin*, 2005-NMCA-107, ¶ 5.

The objective circumstances of Defendant's conduct observed by the officer, whom the fact finder found to be credible, are proscribed by the guidelines of the statute.

**{14}** The fact that a statute may be written in general terms and that it then must be applied on a case-by-case basis does not establish that it is unconstitutionally vague. *See, e.g., State v. Fleming*, 2006-NMCA-149, ¶ 5, 140 N.M. 797, 149 P.3d 113 (stating that room in a statute for the exercise of charging discretion does not establish that a statute is void for vagueness); *see also State v. Larson*, 1980-NMSC-106, ¶ 5, 94 N.M. 795, 617 P.2d 1310 (stating that a statute is not unconstitutionally vague just because "marginal cases could be put where doubts might arise").

**{15}** Finally, the statute clearly applies in this case to proscribe Defendant's conduct. *See State v. Laguna*, 1999-NMCA-152, ¶ 24, 128 N.M. 345, 992 P.2d 896 (reasoning that if a statute clearly applies to a person's conduct, then it is not unconstitutionally vague). As discussed above, according to the officer's version of the facts, which the metropolitan court found to be credible, Defendant's conduct of sounding his horn when there was no other traffic and no need to give audible warning to ensure safe operation, constituted a clear violation of the statute.

**{16}** We affirm Defendant's conviction for DWI (1st offense).

**{17}** **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**TIMOTHY L. GARCIA, Judge**