• Chief Judge Desmond.
 

 The question: Is relator entitled to
 

 habeas corpus relief because during his grand larceny trial in January, 1958 he was absent from the courtroom while there was being argued his counsel’s motion for a mistrial on the ground that requiring further deliberation by the jury would amount to coercing a verdict? The motion was denied, defendant was convicted, the judgment of conviction was affirmed by the Appellate Division (13 A D 2d 684) and leave to appeal to this court was denied by a Judge of this court. Defendant is now serving the prison sentence imposed because of that conviction.
 

 After a hearing in Supreme Court, Dutchess County, the writ was dismissed on a holding that relator’s “ presence at the time indicated had no relation reasonably substantial to the fullness of his opportunity to defend against the charge made against him.” While the Supreme Court Justice in denying habeas corpus relief made no express finding that defendant was absent from the courtroom at the indicated point in his criminal trial, the court apparently took that to be the fact, particularly since the trial minutes did not show defendant’s presence there at that time. On this appeal, therefore, we treat the case as if it had been formally held that relator’s allegations as to absence are true.
 

 Our starting point is the requirement of section 356 of the Code of Criminal Procedure that on a trial for felony “the
 
 *256
 
 defendant must be personally present The statute’s purposes are two: to prevent the ancient evil of secret trials
 
 (People
 
 v.
 
 Thorn,
 
 156 N. Y. 286) and to guarantee the defendant’s right to be present at all important stages of his trial. Denial of that right voids the conviction and can be redressed in habeas corpus proceedings after conviction
 
 (People ex rel. Bartlam v. Murphy,
 
 first appeal, 9 N Y 2d 550). But the right to be present throughout the trial, being derived from the right to a jury trial and the right to defend and to be heard, must be kept within the limits of common sense and reason
 
 (People
 
 v.
 
 Bragle,
 
 88 N. Y. 585). It is not literally true that after indictment nothing may validly be done in the defendant’s absence, otherwise he would have to be in court during the argument of any motion of whatever kind and, indeed, during the presentation of any appeal. There is no such requirement in decisions or by custom or tradition (see
 
 People
 
 v.
 
 Vail,
 
 6 Abb. N. C. 206,
 
 People
 
 v.
 
 Clark,
 
 1 Parker Or. Eep. 360). Our dismissal, for lack of a substantial constitutional question, of the appeal in
 
 People ex rel. McCormack
 
 v.
 
 Fay
 
 (12 N Y 2d 1109) amounted to a holding that defendant’s nonpresence during the presentation by his counsel of arguments against taking defendant’s wife’s testimony did not deprive him of any right. After we had dismissed that appeal McCormack took habeas corpus proceedings in the United States District Court for the Southern District of New York on the same ground, but was again defeated
 
 (United States ex rel. McCormack
 
 v.
 
 Fay,
 
 63 Civ. 1050, not otherwise reported).
 

 While not directly controlling on us,
 
 Snyder
 
 v.
 
 Massachusetts
 
 (291 U. S. 97; defendant absent during jury’s
 
 “
 
 view ” of the locus) is a sound, fair guide for decision in such cases. Due process, held the Supreme Court in
 
 Snyder,
 
 mandates the presence of a defendant at his felony trial to the extent only that his presence is necessary for a fair and just hearing of his cause and he must be deemed to have the absolute right to hear everything the jury hears (see
 
 United States
 
 v.
 
 Johnson,
 
 129 F. 2d 954, affd. 318 U. S. 189) so that his may be the opportunity to confront his accusers and advise with his counsel. Justice Cabdozo wrote that the inquiry should be: whether the defendant’s presence at the particular trial stage had
 
 “
 
 a relation, reasonably substantial to the fulness of his opportunity to
 
 *257
 
 defend against the charge ”
 
 (Snyder
 
 v.
 
 Massachusetts,
 
 291 U. S. 97, 105-106,
 
 supra).
 
 Application of that test here defeats the writ. It seems that, after having deliberated for some hours, the jurors in relator’s criminal trial sent word to the Trial Judge at midnight that they were finding it difficult to reach a verdict, whereupon the Judge told them to continue deliberating and that hotel accommodations would be arranged. After the jury had left the courtroom, counsel for this defendant (joined by counsel for a codefendant) moved that the jury be discharged, objected to the jury’s being continued at their deliberations, urging that such prolongation would be coercive, etc. Defendant was not in the courtroom at the time. The motion was denied, the jurors retired for the night, resumed consideration in the morning, came in about noon for further instructions and reported their guilty verdict late in the afternoon. That this did not in itself amount to reversible error was, as we have said, decided on the appeal from the conviction
 
 (People
 
 v.
 
 Lupo,
 
 13 A D 2d 684,
 
 supra).
 
 We are now holding that defendant’s absence from the courtroom while his counsel argued for discharge of the jury did not affect any substantial right of his and did not invalidate the subsequent judgment of conviction.
 

 This affirmance does not, of course, change the settled rule of felony trials that in the absence of an effective waiver defendant’s presence is indispensable while testimony is being taken, or counsel are summing up, or the jury is being instructed by the court, or when the verdict is rendered or sentence pronounced
 
 (Maurer
 
 v.
 
 People,
 
 43 N. Y. 1;
 
 People
 
 v.
 
 Winchell,
 
 7 Cow. 525;
 
 People ex rel. Bartlam
 
 v.
 
 Murphy,
 
 first appeal to this court, 9 27 Y 2d 550, supra; Code Grim. Pro., §§ 427, 480, 481). It is unnecessary on this appeal to consider the question of waiver (see
 
 People
 
 v.
 
 Thorn,
 
 156 N. Y. 286,
 
 supra; People
 
 v.
 
 La Barbera,
 
 274 N. Y. 339;
 
 People
 
 v.
 
 Winship,
 
 309 N. Y. 311;
 
 People
 
 v.
 
 O’Keefe,
 
 281 App. Div. 409, affd. 306 27. Y. 619) since there is nothing to show a voluntary surrender by defendant of his alleged right to be in court while the motion was made.
 

 The order should be affirmed.
 

 Judges Dye, Ftjld, Vah Voobhis, Burke, Foster and Scileppi concur.
 

 Order affirmed.