OPINION OF THE COURT
Jasen, J.
The question presented on this appeal is whether the in-chambers questioning of a seated juror for possible disqualification to serve, conducted by the Trial Judge in the presence of the prosecutor and defense counsel but in the absence of the defendant, constitutes a violation of CPL 260.20 or a denial of due process.
Defendant was indicted by the Albany County Grand Jury and accused in four counts with criminal possession of dangerous drugs in the third degree (Penal Law, § 220.20, subd [b], par [ii]); criminal use of drug paraphernalia in the second degree (Penal Law, § 220.50, subd 2); criminal possession of a hypodermic instrument (Penal Law, § 220.45); and criminal possession of dangerous drugs in the sixth degree (Penal Law, § 220.05).
During the voir dire and selection of the jury, and after eight jurors had been selected and sworn, the first juror selected voluntarily stated in the presence of the panel that he thought the defendant looked familiar to him and that he remembered him from another case. At this point, the prosecutor asked the juror whether he remembered the defendant from another case on which he sat as a juror. The juror responded: "No, I didn’t sit on it. I was working in a place *4 that was broken into.” The court then reminded the prosecutor that the juror had already been sworn and directed resumption of the selection of the jury.
After the entire jury had been impaneled and sworn, the court recessed, at which point the court called the first juror, the prosecutor and defense counsel to the bench. Immediately after this off-the-record discussion, the court conducted a hearing in chambers to consider whether the juror was qualified to remain a member of the jury. Although the prosecutor and defense counsel were present at the hearing, the defendant was not. In response to the court’s inquiry as to whether the juror’s knowledge of defendant would influence his decision in the case, the juror informed the court that it would not affect his verdict in any way — that he just wanted to be fair. Defense counsel chose not to question the juror.
At the conclusion of the hearing, the Trial Justice stated that he did not believe the situation required statutory disqualification. In response to the Trial Justice’s inquiry as to counsels’ opinion on this question, both the prosecutor and defense counsel stated that they agreed with the court’s conclusion. At no time did either defendant or his counsel seek to challenge the juror.
Following defendant’s trial, the jury returned a verdict finding defendant guilty of criminal possession of dangerous drugs in the third degree and criminally using drug paraphernalia. The Appellate Division unanimously affirmed the judgment of conviction.
CPL 260.20 provides that "[a] defendant must be personally present during the trial of an indictment”. Of critical importance to the interpretation of this provision is the meaning of the term "trial”. Certainly such important proceedings as the impaneling of the jury, the introduction of evidence, the summations of counsel, and the court’s charge to the jury must be deemed a part of the trial. (Maurer v People, 43 NY 1, 3.) Similarly, any further instructions given to the jury after they have retired to deliberate constitute the court’s charge and are, therefore, viewed as a part of the trial. (People ex rel. Bartlam v Murphy, 9 NY2d 550, 553.) All of these proceedings are deemed part of the trial because the presence of the defendant is considered "essential to the attainment of justice and the protection of the innocent.” (Maurer v People, 43 NY, at p 3, supra.)
 Apart from our statutory provision, due process re *5 quires the presence of a defendant at his trial "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.” (Snyder v Massachusetts; 291 US 97, 108.) His presence is required only where his absence would have a substantial effect on his ability to defend. (Snyder v Massachusetts, 291 US, at pp 105-106, supra; People ex rel. Lupo v Fay, 13 NY2d 253, 256-257, cert den 376 US 958; see, generally, 4 Zett, New York Criminal Practice, § 29.2, subd [2]; Impanelling Jury — Accused’s Absence, Ann., 26 ALR2d 762.)
Thus, whether the mandate requiring the presence of a defendant at the trial of his indictment stems from due process or statute, literal application of its directive is not demanded. Common sense dictates that substantial performance of its terms is sufficient. (People v Bragle, 88 NY 585, 590; People ex rel. Lupo v Fay, 13 NY2d, at p 256, supra.)
Applying this guide to our statutory provision, we held in People ex rel. Lupo v Fay (supra) that a defendant’s absence from the courtroom during his counsel’s argument for discharge of the jury did not affect a substantial right of the defendant requiring invalidation of his conviction. (13 NY2d, at p 257, supra.) In the same vein, and particularly pertinent to the present case is People ex rel. Fein v Follette (61 Misc 2d 826, affd 34 AD2d 835, mot for lv to app den 27 NY2d 486, cert den 401 US 954), in which the appearance in a morning newspaper of an article concerning the defendant’s trial was brought to the court’s attention. To inquire as to the effect this article might have upon the jury, the court ordered the jury to retire to the jury room. There, in the presence of the prosecutor and defense counsel, but in the absence of the defendant, the court proceeded to question the jury.
In discussing the defendant’s claim that the trial court’s actions denied defendant the right to be present at his trial, the court stated that the defendant’s absence from the jury room during the questioning of the jury did not affect any substantial right of the defendant. The court concluded that the questioning of the jury did not constitute a material part of the trial. (61 Misc 2d, at pp 831-833, supra; People v O’Keefe, 281 App Div 409, 416, affd 306 NY 619, cert den 347 US 989 [defendant’s right not violated where neither defendant nor his counsel were present at court’s questioning of juror].)
Turning to an analysis of the present case, we conclude that the Trial Justice’s questioning of the juror in chambers *6 under the circumstances present here did not constitute a material part of the trial. (People ex rel. Fein v Follette, 61 Mise 2d, at pp 831-833, supra.) The court’s inquiry was informal; it occurred after the entire jury had been selected and sworn — a procedure throughout which the defendant was present. Since jury selection had already been completed, the inquiry cannot be said to have been a part of the formal impaneling of the jury. Most important, the defendant’s absence during this questioning did not have a substantial effect upon his opportunity to defend. Certainly, the presence of counsel at a hearing having nothing to do with guilt or innocence was sufficient to afford the defendant a "fair and just hearing”. Nothing more is required.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.