OPINION OF THE COURT
Bernard J. Fried, J.
The indictment here charges defendant with murder in the second degree. By this motion, defendant, who is presently on trial in this county as a codefendant, in the multiple defendant larceny case entitled People v Raymond Donovan et al., which began on September 2, 1986, and which is expected to continue through the spring of 1987, seeks an order allowing him to waive his presence at the trial of this murder indictment, while he simultaneously continues to be present at the larceny trial. For the reasons stated, the motion is denied.
*415 Defendant argues that he has the right, pursuant to CPL 260.20, to knowingly and voluntarily waive his personal presence at a trial of felony charges against him. The People oppose this motion, arguing that the plain language of the statute requires the defendant to be present at his trial.
Absent an effective waiver, the defendant’s presence at a felony trial is indispensable. (People ex rel. Lupo v Fay, 13 NY2d 253, 257 [1963].) This right to be present is not only "embodied in the confrontation clauses of the State and Federal Constitutions” (People v Epps, 37 NY2d 343, 345 [1975]), but is expressly provided for in CPL 260.20 which states: "A defendant must be personally present during the trial of an indictment,” (see, predecessor statute Code Crim Pro § 356). The corresponding Federal requirement appears in the Federal Rules of Criminal Procedure, rule 43 (a), which states: "[t]he defendant shall be present * * * at every stage of the trial”.
Of course this right to be present is not absolute but may be waived, or deemed waived, by disorderly and disruptive conduct during trial (People v Johnson, 37 NY2d 778 [1975]; CPL 260.20; see also, Illinois v Allen, 397 US 337 [1970]), or by absconding from trial or commencement of the trial, after the issuance of proper warnings (People v Parker, 57 NY2d 136 [1982]). To hold otherwise, under such circumstances, would be to permit a defendant by his conduct " 'to prevent any trial whatever until the accused person himself should be pleased to permit it’ ” (Diaz v United States, 223 US 442, 457 [1912]). But, these holdings which permit the continuation (or commencement) of the trial do not, as put cogently by the Third Circuit in construing rule 43, "concomitantly, vest a right of absence in a defendant” (United States v Moore, 466 F2d 547, 548 [3d Cir 1972]; see also, United States v Fitzpatrick, 437 F2d 19 [2d Cir 1970]; United States v Durham, 587 F2d 799 [5th Cir 1979]).
Moreover, the various States which have considered this have likewise concluded that a defendant lacks the right to be absent from his own trial (see, e.g., Capwell v State, 686 P2d 1148, 1156 [Wyo 1984]; State v Giorgio, 2 Conn App 204, 477 A2d 134, 137; State v Larson, 94 NM 795, 617 P2d 1310, 1312).
Indeed, CPL 260.20 does not on its face grant the defendant the right of absence. To the contrary, it provides that the "defendant must be personally present during the trial of an indictment”. In my view, this section, which was clearly *416 designed to prevent an accused from frustrating the adjudicative processes, should be construed in a manner similar to Federal and other State requirements which have been held not to afford a defendant the right to absent himself from the courtroom.
In addition, there is no basis warranting the exercise of my discretion to permit the defendant’s absence (cf. In re United States, 597 F2d 27 [2d Cir 1979]). There has been no good cause shown to permit the defendant’s temporary absence. He is currently involved in an extended trial in which a similar motion has been made and denied. Therefore, it would be disruptive to the proceedings in that case when, as pointed out by the People, his appearance would be required for identification purposes in the homicide trial. Moreover, to march the defendant in and out of the courtroom for these purposes would also be disruptive in the homicide trial and cause unnecessary and perhaps prejudicial speculation by jurors about the defendant’s curious absence from his own murder trial. Additionally, the orderly administration of justice requires that a defendant be present at his own felony trial, especially a trial on a charge as serious as murder in the second degree, absent extraordinary circumstances, and, here, there are none.
Accordingly, the motion to permit defendant Masselli to be tried without his physical presence is, in all respects, denied.