# State of Vermont v. Gary Hemingway

[528 A.2d 746]

No. 84-592

Present: Allen, C.J. and Peck, J., and Barney, C.J. (Ret.), Martin, Supr. J., and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed April 17, 1987

*Howard E. VanBenthuysen*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Daniel M. Albert*, Public Defender, St. Albans, for Defendant-Appellant.

**Costello, D.J.** (Ret.), Specially Assigned. Defendant appeals his conviction of driving with license suspended (DLS) in violation of 23 V.S.A. § 674. He contends that the State's closing argument went beyond the evidence presented at trial, and was improper and prejudicial. We agree, and reverse and remand.

Defendant was cited for DLS in the early evening of June 11, 1984, in St. Albans, Vermont. At trial, the arresting officer testified that he stopped an uninspected vehicle driven by the defendant. When the defendant presented his case, a friend of the de-

fendant testified that he, rather than the defendant, had been driving. Testifying after the friend, the defendant also stated that his friend had been driving. In his testimony, defendant gave two versions of the route the car had taken just before it was stopped, correcting himself during redirect examination, with the second version conforming to the description provided by the friend.

During closing arguments, both parties identified the credibility of the witnesses as the key issue in the case. The defendant argued that the arresting officer's identification of the defendant as the driver had been cast in doubt, and the State contended the defendant's inconsistent testimony put in question his statement that the friend had been driving. At the end of its rebuttal argument, the State declared that, in considering the defendant's credibility, the jury should consider the fact that the defendant had:

> the opportunity, unlike any other witness, to sit here and hear all the other evidence . . . . So therefore he has a chance to hear all the evidence, fill in gaps, modify testimony he desires to, to fit any contingency, any discrepancy, that might come up here; so I'd like to think that after you look at all the evidence you'll come back with a guilty verdict.

In the jury charge, the court generally instructed the jury about its responsibility to assess the credibility of the witnesses. The court made no reference to this passage of the State's argument. The jury found the defendant guilty and this appeal followed. Briefing only one issue on appeal, the defendant contends the above-quoted passage was prejudicial error.

"The longstanding rule in Vermont is that counsel should confine argument to the evidence of the case and inferences properly drawn from it, and must avoid appealing to the prejudice of the jury." *State* v. *Lapham*, 135 Vt. 393, 406, 377 A.2d 249, 257 (1977); see also *State* v. *Riva*, 145 Vt. 15, 20, 481 A.2d 1060, 1063 (1984) (during closing argument, counsel may not depart from the evidence presented at trial). A defendant challenging the propriety of closing argument bears a two part burden. He "must establish that the prosecutor's closing argument was not only improper, but also that it impaired the defendant's right to a fair trial." *State* v. *Gates*, 141 Vt. 562, 566-67, 451 A.2d 1084, 1086 (1982); *State* v. *Percy*, 146 Vt. 475, 479, 507 A.2d 955, 957 (1986).

In *Gates*, 141 Vt. at 567, 451 A.2d at 1086, we noted that the credibility of a defendant's witness is "fair game for the prosecution." The defendant's credibility is likewise a proper subject for comment. See *State* v. *Billado*, 141 Vt. 175, 183, 446 A.2d 778, 783 (1982). In this case, however, as in *Gates*, the State's comment on the defendant's credibility in its closing argument strayed beyond the confines of the evidence presented at trial.

The State argued in closing that the defendant corrected his description of the route taken before the traffic stop to ensure that his testimony conformed with his friend's statement. Standing alone this argument would not have been improper, as it was an inference drawn directly from the evidence. The State, however, went beyond casting this doubt about the substance of the defendant's testimony, and asked the jury to infer the defendant's lack of credibility from the manner in which he presented his testimony. As in *Gates*, 141 Vt. at 567, 451 A.2d at 1086, this innuendo was introduced in conclusory form during rebuttal argument, without evidentiary support in the record, and at a point when the defendant could not respond other than by an objection. There was no testimony that the defendant and his friend had collaborated, or that the defendant purposefully used the timing of his testimony to ensure his story coincided with that of his friend. This correction did not follow additional testimony by the friend, rather, defendant's direct and redirect examination both *followed* the friend's testimony. The State's inference that the defendant placed himself in the position to "fill in gaps" thus was not drawn from the testimony, and was improper.

The State contends that even if the closing argument was improper, the error was nonetheless harmless when viewed in the light of the jury instruction. We cannot agree. The instruction only generally charged the jury with assessing the credibility of the witnesses. The court did not refer to the State's improper comment about the defendant's alleged manipulation of the trial proceedings. In essence, therefore, the jury was charged to assess the defendant's credibility in the light of this improper comment. Without a cautionary instruction to disregard the prosecution's improper remarks, see *State* v. *Normandy*, 143 Vt. 383, 386, 465 A.2d 1358, 1360 (1983) ("[A] strongly worded and prompt admonition is preferred . . . .") and, given the timing of the remarks, the charge detracted from, rather than ensured defendant's ability to obtain a fair judgment.

■ Moreover, the record suggests that this is not a case in which there is overwhelming evidence of guilt notwithstanding the demonstrated error, but one in which "the heart of a close case" turned on the resolution of conflicting testimony. *Gates*, 141 Vt. at 569, 451 A.2d at 1087. The jury accepted the arresting officer's statement that the defendant was the driver, rather than the contradictory testimony of the defendant and his friend that the friend was the driver. This determination turned on the jury's assessment of the credibility of the respective witnesses, and its ability to consider the prosecutor's improper comment on the defendant's credibility must be seen as having tainted those deliberations. The prosecution's improper comments thus adversely affected defendant's right to a fair trial, and necessitate reversal and remand for a new trial.*

*Reversed and remanded.*

---

* Defendant's objection to the closing remarks was premised on different grounds than those urged on appeal, and relied upon in this opinion. An objection premised on one rationale does not preserve an appeal on other grounds, absent a demonstration of plain error. *State* v. *Bubar*, 146 Vt. 398, 400, 505 A.2d 1197, 1199 (1985). Our determination that the defendant's right to a fair trial was prejudiced by the challenged remarks, as required by *Gates*, satisfies the plain error test. See *Bubar*, 146 Vt. at 401, 505 A.2d at 1199 (to demonstrate plain error, defendant must show that the claimed error " 'strike[s] at the heart of [his] constitutional rights or adversely affect[s] the fair administration of justice.' ") (quoting *State* v. *Mecier*, 145 Vt. 173, 178, 488 A.2d 737, 741 (1984)).

Because the closing remarks were improper as beyond the confines of the evidence, we need not address defendant's claim that the State's comment violated his Sixth Amendment right to decide if, and when, he will take the stand. See *Brooks* v. *Tennessee*, 406 U.S. 605, 612 (1972).