# State of Vermont v. Francis A. Jacques

[554 A.2d 655]

No. 85-349

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed July 2, 1987

Motion for Reargument Denied October 26, 1988

*Howard VanBenthuysen, Franklin County State's Attorney,* and *Maxine Grad, Law Clerk (On the Brief),* St. Albans, for Plaintiff-Appellee.

*Peter F. Langrock* and *Susan M. Murray* of *Langrock Sperry Parker & Wool,* Middlebury, for Defendant-Appellant.

**Per Curiam.** Defendant appeals his conviction after a jury trial for driving while intoxicated, 23 V.S.A. § 1201(a)(1). He claims that the trial court erred in denying his motion to suppress the results of his breath test and that the prosecutor committed reversible error by asking a leading and prejudicial question during examination of a witness. We disagree and affirm.

Defendant was the driver of a school bus in East Fairfield, and was charged with driving the bus while intoxicated. A student on the bus testified that on the day of the alleged offense the bus proceeded to the wrong side of the road and came close to hitting an oncoming truck. The witness said that defendant's eyes were bloodshot and watery. Other students testified that the bus was "veering all over the road" and nearly went down an embankment.

When the bus came to a stop at an elementary school, a teacher entered it and took the keys away from defendant. Shortly thereafter a trooper arrived after receiving a complaint about defendant's driving. When he approached defendant, he smelled a moderate odor of alcohol on his breath, his eyes were bloodshot, and when he tried to walk to the cruiser, he lost his balance. The trooper asked defendant to enter the cruiser, where he gave him an alcosensor test. He then brought him to the St. Albans police barracks, where he was given a breath test, fingerprinted, and photographed.

Defendant moved before trial to suppress the results of the breath test on grounds that the evidence had been obtained as a result of an illegal arrest, since the arrest had been conducted without a warrant. He argued further that the exception in V.R.Cr.P. 3(a) for a misdemeanor committed in the presence of an officer did not apply, since the bus was at rest by the time the

officer arrived on the scene. Judge Costes denied the motion to suppress, and after a motion to change venue to Lamoille County was granted, the case was heard before Judge Levitt and a jury.

 Defendant reasserts his arguments under V.R.Cr.P. 3(a) on appeal, arguing that the breath test evidence was the result of an illegal arrest. We do not reach the substance of defendant's contention, however, because it was effectively waived below. Following the denial of the suppression motion by Judge Costes, defendant did not object to the evidence at trial before Judge Levitt and therefore cannot raise the issue here. As we said in *State* v. *Senecal*, 145 Vt. 554, 497 A.2d 349 (1985):

> Although a failure to object would not amount to a waiver of the claim where no new facts are adduced at trial, and the same judge presided at trial as decided the suppression motion, such was not the case here. The trial judge did not rule on either of the earlier motions, and so *never had an opportunity to consider the defendant's objection to the evidence.*

*Id.* at 558, 497 A.2d at 351 (citation omitted).

 The next ground urged on appeal is the denial of defendant's motion for a mistrial, after the state's attorney in direct examination asked a student who had been on the bus the following question:

> Have you ever seen him [defendant] drive the bus at times when you thought he was intoxicated prior to that?

Defendant objected to the question and the court sustained the objection, but denied the accompanying motion for a mistrial. Defendant argues on appeal that the objectionable question assumed that defendant was guilty as charged and that even if there had been such a prior event involving defendant, it would not have been relevant to the charges for which defendant was tried below.

Despite the objectionable nature of the question, the trial court was within its discretion in denying the motion for a mistrial. While a prompt cautionary instruction to the jury would have been the better practice, *State v. Hemingway*, 148 Vt. 90, 92, 528 A.2d 746, 748 (1987); *State* v. *Ovitt*, 148 Vt. 398, 405-06, 535 A.2d 1272, 1276 (1986), a review of the transcript underscores that this was an isolated and unanswered question. Neither the trial judge, the prosecution, nor the defendant alluded in any way to the

question for the rest of the trial and no curative final instruction was requested.

In any event, the improper question did not go to "the heart of a close case." *Hemingway*, 148 Vt. at 93, 528 A.2d at 748. Rather, the record refects overwhelming evidence of guilt notwithstanding the erroneous question, which was therefore harmless error. See *State v. Hamlin*, 146 Vt. 97, 105-06, 499 A.2d 45, 51-52 (1985).

*Affirmed.*