**Ray AGARD, Petitioner–Appellant,**

v.

**Leonard PORTUONDO, Superintendent of Fishkill Correctional Facility, Respondent–Appellee.**

No. 96–2281.

United States Court of Appeals, Second Circuit.

Petition for Rehearing Filed July 18, 1997.

Decided Oct. 23, 1998.

Ellen C. Abbot, Assistant District Attorney, Queens County, Kew Gardens, NY (Richard A. Brown, District Attorney, John M. Castellano, Assistant District Attorney, of counsel), for Respondent–Appellee.

Before: WINTER, Chief Judge, and OAKES and VAN GRAAFEILAND, Circuit Judges.

## ON PETITION FOR REHEARING
## BY THE PANEL

WINTER, Chief Judge:

This is a petition for rehearing challenging the granting of a writ of habeas corpus by the panel majority on the ground that, even if the majority's view of the law is correct, the decision created a "new rule" that cannot be retroactively applied to the petitioner. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

■ With respect to the merits, we narrow the rationale of, but do not alter, our prior decision. Upon further reflection, Judge Oakes and I now retreat from any language in our prior opinions suggesting that it is constitutional error for a prosecutor to make a factual argument that a defendant used his familiarity with the testimony of the prosecution witnesses to tailor his own exculpatory testimony. Although one factual element of such an argument may be the presence of the defendant during the trial, its principal focus is on a comparison of defendant's testimony with the testimony of other witnesses. Such an argument, unlike that made here, depends on what the defendant testified to regarding pertinent events, rather than focussing solely on his presence in the courtroom.

■ The prosecutor in the present case did something quite different, however, arguing that "unlike all the other witnesses in this case the defendant has a benefit and the benefit that he has, unlike all the other witnesses, is he gets to sit here and listen to the testimony of all the other witnesses before he testifies. . . . That gives you a big advantage, doesn't it." This was not a factual argument based on the defendant's testimony · in this particular case but a generic argument that a defendant's credibility is less than that of prosecution witnesses solely because he attended the entire trial while they were present only during their own testimony. The prosecutor's argument was not based on the fit between the testimony of the defendant and other witnesses. Rather, it was an outright bolstering of the prosecution witnesses' credibility vis-a-vis the defendant's based solely on the defendant's exercise of a constitutional right to be present during the trial. *See State v. Cassidy*, 236 Conn. 112, 672 A.2d 899, 908 & n. 17 (Conn.1996) (noting that such argument would not be objectionable if supported by actual evidence of fabrication or tailoring); *State v. Hemingway*, 148 Vt. 90, 528 A.2d 746, 748 (Vt.1987) (holding that presenting such argument in conclusory ·form without evidentiary support was constitutional error). Thus, the constitutional issue here is somewhat similar to that in *Griffin v. California*, 380 U.S. 609, 613–15, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (disallowing generic argument based on a defendant's exercise of his Fifth Amendment right not to incriminate himself).

■ Appellee's petition argues, for the first time, that the majority's opinions created a "new rule" that, under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), cannot be retroactively applied. In this circumstance, where the *Teague* issue was not raised in the district court and raised for the first time in the court of appeals only in the petition for rehearing, we believe that a panel has the discretion not to consider the issue. *Teague* is not jurisdictional in the

sense that a court must invoke it *sua sponte* where applicable. *See Caspari v. Bohlen,* 510 U.S. 383, 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994); *Ciak v. United States,* 59 F.3d 296, 302–03 (2d Cir.1995) (court need not address *Teague* argument where government did not raise it in brief or at oral argument). Moreover, the Supreme Court has declined to apply *Teague* where it was argued for the first time in a case only after certiorari was granted. *See Schiro v. Farley,* 510 U.S. 222, 228–29, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994). *Teague* itself is driven in part by considerations of comity. But comity also calls for representatives of states not to agree to federal courts expending substantial time in addressing the merits of a case, only to argue belatedly that the merits should not have been reached.[1]

■ We therefore agree with the Ninth Circuit's holding that *Teague* issues may, but need not, be addressed when raised only in a petition for rehearing. *See Boardman v. Estelle,* 957 F.2d 1523, 1534–37 (9th Cir.1992) (per curiam supplementing opinion) (holding that *Teague* argument raised for first time in petition for rehearing is considered at discretion of court even though comity interest may be implicated); *see also Schiro,* 510 U.S. at 228–229, 114 S.Ct. 783 (holding that state can waive *Teague* argument by failing to make argument in timely fashion); *Sinistaj v. Burt,* 66 F.3d 804, 805 n. 1 (6th Cir.1995) (respondent waived *Teague* argument by raising it for first time in motion to amend district court's judgment); *Wilmer v. Johnson,* 30 F.3d 451, 454–55 (3d Cir.1994) (respondent waived *Teague* argument by raising it for first time on appeal in supplemental brief requested by court). And, in this instance, we chose to exercise this discretion. *See, e.g., Blankenship v. Johnson,* 118 F.3d 312, 316–17 (5th Cir.1997) (exercising its discretion not to consider a *Teague* argument); *Eaglin v. Welborn,* 57 F.3d 496, 499 (7th

Cir.1995) (in banc) (exercising same); *Wilmer,* 30 F.3d at 455 (same).

We specifically do not address, however, whether other habeas petitioners can take advantage retroactively of a "new rule" when, as here, the panel establishing that rule has exercised its discretion not to entertain a belated *Teague* claim. We also need not address whether our now-narrowed decision constitutes a "new rule" within the meaning of *Teague.*

We therefore deny the petition.

VAN GRAAFEILAND, Circuit Judge, dissenting:

The original majority opinion herein is reported at 117 F.3d 696. My colleagues now submit a revised opinion, two pages of which deal with the issues discussed in the original opinion. I adhere firmly to my original dissent, reported in 117 F.3d at 716–21, but add this brief response to the arguments that my colleagues now advance.

At the outset, I disagree with the statement in my colleagues' revised opinion that the prosecutor's reference to the defendant's presence in court throughout the trial "was not a factual argument based on the testimony in this particular case but a generic argument that a defendant's credibility is less than that of prosecution witnesses solely because he attended the entire trial while they were present only during their own testimony." In making this argument, the prosecutor was not disinterestedly discussing "a" defendant. She was challenging the testimony given by "the" defendant in the instant case. She concluded her remarks concerning his testimony when she said:

> He's a smart man. I never said he was stupid ... He used everything to his advantage.

The issue in the case was credibility, and conscientious counsel could not avoid discuss-

---

1. Appellee claims that the belated raising of *Teague* was the result of the difficulty in anticipating the panel majority's decision. However, the issue was raised in explicit terms by Agard. The index to his main brief states that "CERTAIN REMARKS BY THE PROSECUTOR ON SUMMATION ... INFRINGED UPON HIS CONSTITUTIONAL RIGHT TO BE PRESENT

AT TRIAL" and the text repeated that claim, stating that the remarks in question, *inter alia,* "unfairly assailed" his credibility and "concomitantly bolstered" that of the complainant. In light of this, we see no excuse for not arguing *Teague,* if indeed our adoption of those arguments created a new rule.

ing it in their summations. For example, Agard's counsel argued to the jury that the prosecution witnesses had fabricated the allegations against Agard and that his testimony was more credible than theirs. *See* 117 F.3d at 706 n. 3. The prosecutor's statements in response were not irrelevantly generic in nature. They were addressed squarely to Agard and his counsel's open-the-door, invite-a-response argument of "fabrication." They did not prejudiciously violate Agard's constitutional rights. *See United States v. Tocco*, 135 F.3d 116, 130 (2d Cir.1998); *United States v. Praetorius*, 622 F.2d 1054, 1061 (2d Cir.1979), *cert. denied*, 449 U.S. 860, 101 S.Ct. 162, 66 L.Ed.2d 76 (1980); *People v. Anthony*, 24 N.Y.2d 696, 703–04, 301 N.Y.S.2d 961, 249 N.E.2d 747 (1969).

Unlike my colleagues, I find little similarity between the instant case and *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), which forbids comments about a defendant's failure to testify. The *Griffin* Court, citing *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 55, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), described such a comment as "a remnant of the 'inquisitorial system of criminal justice,' ... which the Fifth Amendment outlaws." 380 U.S. 609, 614, 85 S.Ct. 1229. The Court continued, "It is a penalty imposed by courts for exercising a constitutional privilege." *Id.* However, unlike the defendant in *Griffin*, Agard's presence in the courtroom was not simply the exercise of a constitutional privilege—it was compliance with a duty that "is one of the earliest established in the criminal law," i.e., the duty of a defendant to be present for trial. *See Kivette v. United States*, 230 F.2d 749, 755 (5th Cir.1956), *cert. denied*, 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d 418 (1958). In short, while a defendant has the right to be present during his trial, he has no right to be absent. This is the rule in both the New York and federal courts.

Sections 260.20 and 340.50 of New York's Criminal Procedure Law provide, with certain exceptions not applicable here, that a defendant must be personally present during the trial of an indictment. The New York courts have recognized these provisions as expressions of a "strong social policy in favor of requiring the presence of the defendant," *People v. Anderson*, 16 N.Y.2d 282, 288, 266 N.Y.S.2d 110, 213 N.E.2d 445 (1965), and have held that "[a] defendant must obtain the permission of the Trial Judge to be absent from a trial," *People v. Winship*, 309 N.Y. 311, 314, 130 N.E.2d 634 (1955). In the early case of *People v. Gardner*, 144 N.Y. 119, 127, 38 N.E. 1003 (1894), the Court said that the defendant "was bound to be in court and in the presence of the jury, the recorder and the witnesses who might be there. The recorder, the jurors and the witnesses had the right to see him, and he had the right to see them." *See also People ex rel Lupo v. Fay*, 13 N.Y.2d 253, 257, 246 N.Y.S.2d 399, 196 N.E.2d 56 (1963) (defendant's presence is indispensable); *People v. Rheubottom*, 131 A.D.2d 790, 517 N.Y.S.2d 78 (1987) (mem.) *leave to appeal denied*, 70 N.Y.2d 716, 519 N.Y.S.2d 1052, 513 N.E.2d 1320 (1987) (no error in denying defendant's motion to remain outside courtroom); *People v. Masselli*, 134 Misc.2d 414, 415, 511 N.Y.S.2d 499 (N.Y.Sup.Ct.1987) (absent effective waiver, defendant's presence at felony trial is indispensable).

Although state, rather than federal law is at issue herein, Fed.R.Crim.P. 43, is very similar to the above-quoted provisions of New York's Criminal Procedure Law and is interpreted in much the same manner. *See In re United States*, 784 F.2d 1062, 1063 (11th Cir.1986); *United States v. Cannatella*, 597 F.2d 27 (2d Cir.1979) (per curiam); *United States v. Moore*, 466 F.2d 547, 548 (3d Cir.1972) (per curiam), *cert. denied*, 409 U.S. 1111, 93 S.Ct. 920, 34 L.Ed.2d 692 (1973); *United States v. Fitzpatrick*, 437 F.2d 19, 27 (2d Cir.1970).

Where, as here, a defendant is required by law to be present in court while all the witnesses testify, I can discern no prejudicial constitutional error in a prosecutor's reference to the so-called "benefits" inherent in such requirement. Such "benefits," which are not of the defendant's doing, must be obvious to every juror with a modicum of common sense. The comment in question herein deals with the issue of a defendant allegedly coloring his testimony to conform with what has gone before. As former Jus-

tice Brennan said when discussing this issue in *Brooks v. Tennessee*, 406 U.S. 605, 611, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), "our adversary system reposes judgment of the credibility of all witnesses in the jury." Nothing that the prosecutor said in the instant case concerning Agard's obvious presence in the courtroom prevented the jury from properly exercising this judgment.

With all due respect to my learned colleagues, I must adhere to my dissent.