UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11151
Summary Calendar
_____

CLYDE ROSS,

Petitioner-Appellee,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:97-CV-221)
_____

September 2, 1999

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.[*]

PER CURIAM:

Appellee Clyde Ross was convicted of attempted capital murder and sentenced to 99 years imprisonment in 1981. After exhausting his state court remedies, Ross filed this section 2254 petition alleging, *inter alia*, that appellate counsel provided constitutionally deficient representation by failing to inform him that his conviction had been affirmed on direct appeal and that he had a right to seek discretionary review with the Texas Court of Criminal Appeals. The district court determined that Ross was

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to file an out-of-time petition for discretionary review and dismissed his section 2254 petition without prejudice. The state of Texas has filed a timely appeal. We vacate and remand.

The state argues that there is no proof in the state and federal court records of Ross's central allegation, *i.e.*, that his attorney failed to inform him that his conviction had been affirmed on direct appeal and that the timetable had begun running for a petition for discretionary review. Instead, the district court assumed this fact in ruling that Ross was entitled to relief. Further, the state argues that the relief Ross seeks is <u>Teague</u>-barred, because he seeks recognition of a new constitutional rule on habeas review. <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

There may be an interesting constitutional issue in this case, if the facts are as Ross alleges and if the remedy he seeks is not barred by <u>Teague</u>. According to the Supreme Court, Ross had no right to counsel in the preparation of a petition for discretionary review. <u>Ross v. Moffitt</u>, 417 U.S. 600 (1974). This court, in a case where the state waived the <u>Teague</u> bar, has held, however, that a petitioner does have the right to counsel if the <u>state</u> requests and receives a grant of discretionary review in the Texas court of criminal appeals. <u>Blankenship v. Johnson</u>, 118 F.3d 312 (5th Cir. 1997) (but <u>Blankenship</u> expressly declined to rule on the converse factual situation, which is before us). Adding to the complexity, the U.S. Supreme Court has just held that a prisoner must exhaust remedies in state court through a discretionary review procedure before going into federal court. <u>O'Sullivan v. Boerckel</u>,

2

119 S.Ct. 1728, 1734 (1999).  Whether this decision has some implication for the right to counsel, which may or may not implicate a separate <u>Teague</u> bar, is not clear.

Because the district court's rulings on the critical factual and <u>Teague</u> issues are absent from the record, we vacate and remand for it to reconsider this petition.

**VACATED** and **REMANDED**.