

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00032-CR

THE STATE OF TEXAS, Appellant

V.

JAMEL MCLELLAND FOWLER, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 30,511

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

After a Hunt County jury returned a guilty verdict against Jamel McLelland Fowler for burglary of a building, Fowler filed a motion for new trial, and the trial court granted that motion and entered a judgment of acquittal. The State appealed. On March 14, 2017, this Court issued its opinion and judgment affirming the trial court's acquittal of Fowler, and the State filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals on April 3, 2017. The Court of Criminal Appeals reversed our opinion on June 28, 2017. The mandate finalizing the Court of Criminal Appeals' decision was issued on July 24, 2017. After a thorough review of the appellate record filed under this cause number, and even though Fowler was clearly represented by counsel at the original appeal in this case, we find no record of an official appointment of counsel to represent Fowler on appeal in this case. Accordingly, it appears that appointment of counsel to represent Fowler at this stage is necessary. A brief recitation of the procedural history of this case is necessary.

After Fowler's conviction in a companion case filed under our cause number 06-16-00038-CR, the trial court found Fowler to be indigent and appointed Jessica Edwards to represent Fowler on appeal in that case. There is no such order in the record in the present case. The reason for this appears to be because Fowler was acquitted in the present case and, therefore, had nothing to appeal from the judgment in this case. Yet, even though the order of appointment in cause number 06-16-00038-CR did not specify that Edwards' appointment included the original appeal in the present case, Edwards represented Fowler in both cause number 06-16-00038-CR and this case.

2

Therefore, regardless of whether the original appointment order included this case or not, Fowler was, at a minimum, *de facto* represented by counsel on his initial appeal.

Nevertheless, Edwards' *de facto* representation ended when our original opinion in this case was entered. Article 1.051 of the Texas Code of Criminal Procedure provides:

> An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters: (1) an appeal to a court of appeals; (2) an appeal to the Court of Criminal Appeals . . . if a petition for discretionary review has been granted; . . . and (4) any other appellate proceeding if the court concludes that the interests of justice require representation.

TEX. CODE CRIM. PROC. ANN. art. 1.051(d) (West Supp. 2016). Accordingly, once we issued our opinion, Fowler had no right to further representation on appeal until the Court of Criminal Appeals granted the State's PDR. *See Blankenship v. Johnson*, 118 F.3d 312, 317 (5th Cir. 1997) (acknowledging "the well-settled rule that a criminal defendant does not have a right to counsel for the preparation of petitions for discretionary review," but holding that due process is violated "if the state [is] allowed to challenge the defendant's successful direct appeal without providing him with counsel after a discretionary appeal is granted to the state").

However, the Court of Criminal Appeals has held that when a case is reversed on discretionary review and remanded to the court of appeals for reconsideration, it effectively "reinstate[s] the status of said cause to the first level of appeal, a stage of proceedings in which applicant had the right to appointment of counsel if he was indigent at the time of the remand." *Ex parte Lopez*, 763 S.W.2d 427, 429 (Tex. Crim. App. 1989). Therefore, Fowler is clearly entitled to the appointment of counsel at this stage of the proceeding. Yet, the original appointment order does not appear to include this case, and we are unable to find any order by the Court of Criminal

3

Appeals appointing Fowler counsel or abating the case and remanding the case to the trial court for appointment of counsel after granting the State's PDR.[1]

Consequently, because the original appointment order did not include this case, because counsel's *de facto* representation of Fowler ended with the issuance of our opinion in the present case, and because there is no indication that the Court of Criminal Appeals appointed counsel after granting the State's PDR, it appears that Fowler is now unrepresented upon remand. In light of this fact, on our own motion, and in the interests of justice, we abate this appeal to the trial court with directions to officially appoint counsel to represent Fowler before this Court through the remainder of this appeal.

The trial court need not hold a hearing to accomplish this appointment, though it is free to do so if necessary. A written memorialization of the trial court's appointment shall be entered into the record of the case and presented to this Court in the form of a supplemental clerk's record within five days of the date of this order, or on or before August 7, 2017. Upon receipt of the supplemental clerk's record identifying appointed counsel, this abatement will terminate. At that time, we will communicate with the attorneys in this matter regarding the briefing, if any, that we may require on remand.

IT IS SO ORDERED.

BY THE COURT

Date:  July 31, 2017

---

[1]This appears to be because the Court of Criminal Appeals granted the relief requested by the State at the same time it granted the State's PDR without briefing from the parties.

4